### CRANE BROTHERS MFG. CO. *v.* REED ET AL.

[DECIDED IN 1875.]

LEGAL CAPACITY TO SUE IS AN ORDINARY INCIDENT TO A CORPORATION, and where corporate existence is alleged by a corporation plaintiff, objections that it has not legal capacity to sue or is not such corporation can not be taken by demurrer.

APPEAL from the third district court. The opinion states the case.

No attorneys of record.

LOWE, C. J.:

The same questions are raised in this case as in that of *Thackera, Buck & Co.* v. *Reid, Kinsey & Greely,* just decided, and as to those questions no further observation is requisite. The additional ground, however, is presented by demurrer that the plaintiffs have not legal capacity to sue. By the fortieth section of the code, it is provided that the defendant may demur when it appeals on the face of the complaint "that the plaintiff has not legal capacity to sue." Such is not the fact in the present case. In the title of the case the plaintiff is designated as a corporation, and in the complaint itself it is averred that "the plaintiff is and was at the date hereinafter stated a corporation." The legal capacity to sue is an ordinary incident of a corporation. No defect of such capacity appears upon the face of the complaint. If in fact any such defect exists, or if the plaintiff is not a corporation, the objection may be taken by answer under section forty-four of the practice act. The objection may be taken by demurrer when it is apparent on the face of the complaint. If authority is necessary on this proposition, the case of *The Phœnix Bank* v. *Donnell,* 40 N. Y. 410, is directly in point.

The judgment is affirmed.