JOHN J. DYAL, *et al.*, v. THE CITY OF TOPEKA.

1. JUDGMENT; *Limit of Review in Supreme Court.* Where no case was made for the supreme court, nor any extension of time given for that purpose, within three days after the judgment was rendered, and the case was not brought to the supreme court within one year after the judgment was rendered, the supreme court cannot review such judgment or any ruling involved therein, or made prior thereto, except so far as such judgment or ruling may be involved in some subsequent ruling properly reviewable by the supreme court, as, for instance, a subsequent ruling on a motion for a new trial.

2. NEW TRIAL, *no Error in Denying.* And in such a case, where it is not shown that the motion for a new trial was filed within three days after the judgment was rendered, nor shown upon what ground, if any, the motion for the new trial was made, the supreme court cannot say that the court below erred in overruling the motion for the new trial.

*Error from Shawnee District Court.*

THE opinion states the nature of the action, and the facts. The plaintiffs *Dyal* bring the case to this court.

*James J. Hitt*, for plaintiffs in error.

*Jasper H. Moss*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Shawnee county, by John J. Dyal and Seward E. Dyal, against the city of Topeka, to perpetually enjoin the defendant and its officers, agents and employés from interfering with the plaintiffs in the use and enjoyment of a certain piece of land which the defendant claims is a part of one of the public streets of the city, but which the plaintiffs claim is not a part of any street, but belongs to them as their separate and individual property. The case was tried before the court below without a jury, at a term of the court begun and held on January 7, 1884. After the plaintiffs had introduced their evidence and rested, the defendant demurred to the evidence, which demurrer was sustained by the court, and the court then

found generally in favor of the defendant and against the plaintiffs, and rendered judgment accordingly. On February 16, 1884, the plaintiffs filed a motion for a new trial. What the grounds set forth in this motion for a new trial were, or whether any grounds were set forth for a new trial, is not shown by the record. On March 1, 1884, the motion for a new trial was overruled, and the court then extended the time twenty days for making a case for the supreme court. The case was made and served within the time fixed by the court, and it was settled, signed and authenticated on March 27, 1884, and on February 24, 1885, the case was brought to this court for review. Whether the motion for the new trial was filed within three days after the finding and judgment of the court below, is not shown by the record. Nor is it shown upon what grounds the motion for the new trial was made. No case was made for the supreme court within three days after the judgment was rendered, (Civil Code, § 548;) nor was the time for making a case extended within three days after the rendering of the judgment. (*Ætna Life Ins. Co. v. Koons*, 26 Kas. 215.) The time, however, for making a case was extended within three days after the motion for the new trial was overruled; and the case was made, as before stated, within the extended time. Nor was the case brought to this court within one year after the judgment was rendered. (Sec. 556 of the Civil Code, as amended by the Laws of 1881, ch. 126, § 2; *Estate &c. v. Loftus*, 27 Kas. 68; *Bennett v. Dunn*, 27 id. 194; *Brown v. Clark*, 31 id. 521.) Of course, under such circumstances, we cannot review any judgment or order of the district court except the order overruling the motion for the new trial, and such other orders, rulings or judgments as may be necessarily involved in the ruling upon the motion for the new trial; for the case for the supreme court was not made and served within proper time to give us authority to review such other orders, rulings, or judgments, independent of the ruling upon the motion for the new trial. (See the foregoing statutes and authorities.) But, under the circumstances of this case, can we reverse the order of the district court over-

ruling the motion for the new trial? As before stated, there is nothing in the case that shows that the motion was filed in time; nor is there anything that shows upon what grounds, if any, the motion for the new trial was made. From anything appearing in the record, the motion for the new trial may have been filed more than three days, and indeed as many as nine days, after the judgment was rendered in the case, and it may not have stated any ground for the new trial, or it may have stated an entirely insufficient ground, one not recognized by any proper practice or by any law. How, then, can we say that the court below erred? Error is not to be presumed, but in all cases where it is alleged, it must be affirmatively shown, and certainly no error has been affirmatively shown in this case. But if we should go further, and examine the evidence introduced on the trial, we should find many defects and imperfections in the plaintiffs' proof. The evidence does not show that the first plat filed by Crane, the plat under which the plaintiffs wish to have their rights determined, was ever signed or acknowledged. Neither does the evidence show that Mrs. Angell, the person under whom the plaintiffs claim title, had any legal title to the property in controversy at any time until some time after Crane had filed his second plat, and at that time the legal title was in Crane, and if the second plat is to govern in this case, then the property in controversy is a part of Quincy street, in the city of Topeka, and the plaintiffs have no right to recover. According to the proof of what the first plat was —the plat itself having been lost—the original western boundary of Crane's addition is indicated by certain "red dotted lines," but where such "red dotted lines" are or were, is not shown by the record. All the record title which Mrs. Angell ever had was a quitclaim deed from Crane; but this quitclaim deed was not executed until after Crane had filed his second plat. The plaintiffs, however, claim that prior to that time Mrs. Angell held under a written contract from Crane; but Crane testified that he never executed any such written contract, and none was introduced in evidence. The evidence also shows that at one time a judgment was rendered in favor

of the city of Topeka and against Mrs. Angell, determining that she had no interest in the property in controversy. Just when this judgment was rendered is not shown by the record, but counsel for the defendant says that it was rendered on August 5, 1882, after the quitclaim deed was executed by Crane to Mrs. Angell, and before the deed was executed by Mrs. Angell to the plaintiffs. It is wholly unnecessary, however, to comment further upon the evidence, for in the condition in which the case has been brought to this court we cannot decide the case upon the evidence. The fact that no case was made for the supreme court, nor any extension of time given for that purpose, 'within three days after the judg-

1. Limit of review.  ment was rendered, and the further fact that the case was not brought to the supreme court within one year after the judgment was rendered, preclude our examination of the judgment or any ruling involved therein, or any ruling of the court below made prior thereto, except so far as such judgment or ruling may be involved in some subsequent ruling properly reviewable by the supreme court, as for instance, the ruling on the motion for the new trial; and the fact that it is not shown that the motion for the new trial was filed within three days after the judgment

2. New trial, no error in refusing.  was rendered, and the further fact that it is not shown upon what ground, if any, the motion for the new trial was made, render it impossible for us to say that the court below erred in overruling the motion for the new trial.

The judgment of the court below will be affirmed.

All the Justices concurring.