Hon. WILLIAM GALBRAITH,
Hon. JAMES H. McLEARY, } Associate Justices.
Hon. THOS. C. BACH,

With this term the organization and procedure of the supreme court was in accordance with the new law. See note.

---

### MAGEE, appellant, v. FOGERTY, respondent.

ATTACHMENT — *Dissolution — Motion for, when to be made.* — A motion to discharge an attachment is too late if made after the expiration of the time to answer; and calling it a "substituted motion" will not help it. Code Civil Proc. Mont. § 198.

SAME — *Substituted motion.* — A substituted motion can be entertained only when an original has been filed in time, and cannot be produced.

---

### NOTE.

AN ACT relating to the supreme court of Montana territory, and providing for the establishment of judicial districts in said territory.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That hereafter the supreme

*Appeal from First District, Gallatin County.*

GEORGE HALDORN, for the appellant.

VIVION & SHELTON, for the respondent.

WADE, C. J.    This is an appeal from an order discharging an attachment. It appears from the record that the complaint was filed, and summons and writ of attachment issued, on the 21st day of August, 1884; that the defendant answered on the 18th day of September, 1884; that a substituted motion to discharge the attachment was filed on the 21st day of April, 1886; and that said motion was granted, and the attachment discharged, on the 26th day of said month. A motion to discharge an attachment must be filed before the time for answer expires. Code Civil Proc. § 198. The reason for this requirement is that, if the defendant answers, he thereby confesses that the attachment was regularly issued, and declares that he is willing to abide the event of the trial upon the merits of the action.

The defendant made no motion, either before the answer day had expired, or at any other time, to discharge the attachment; but, after the expiration of more than one year

court of the territory of Montana shall consist of a chief justice and three associate justices, three of whom shall constitute a quorum; they shall hold their offices for four years, and until their successors are appointed and qualified; they shall hold a term annually at the seat of government of said territory: *Provided, however,* That no justice shall act as a member of the supreme court of said territory of Montana in any action or proceeding brought to such court by writ of error, bill of exceptions, or appeal from a decision, judgment or decree rendered by him as judge of a district court.

SEC. 2.    That said territory shall be divided into four judicial districts, and a district court shall be held in each district of the territory by one of the justices of the supreme court, at such time and place as may be prescribed by law.

SEC. 3.    That all offenses committed before the passage of this act shall be prosecuted, tried and determined in the same manner and with the same effect as if this act had not been passed.

Approved July 10, 1886.

and a half from the date of filing the answer, he filed what he denominates a "substituted motion," to discharge the attachment, and upon a hearing thereon the attachment was discharged.

A substituted pleading or paper in a case takes the place of an original that is lost or destroyed; but it appears that this defendant filed his substituted motion first, and, in fact, that he never filed an original at all. This is not an amended motion,— there never was any motion to amend,— but it is a motion substituted for something that never had an existence, and is therefore an original motion, filed one year and a half after the expiration of the time when it could properly be filed under the provisions of the code. In order to give this motion any validity, or to hold it in court for a moment as a substituted motion, we must presume, with nothing whatever upon which to base such a presumption, that there was an original motion made and filed to discharge the attachment; that the same was filed before the time for answer had expired; that the original cannot be produced; and that the substitute is a copy, or in substance like the original.

The procuring of an attachment, and the steps necessary therefor, is a proceeding within the spirit and meaning of the one hundred and fourteenth section of the Code of Civil Procedure; and if such proceeding is defective, the same may be amended, in furtherance of justice, like any other proceeding under that section. *Langstaff* v. *Miles*, 5 Mont. 554. Filing a substituted motion for an original, one year and a half out of time, does not defeat any rights of the plaintiff in this regard; and, after answer filed, defects in such proceedings are waived. The statutory period is a limitation, and a motion to discharge an attachment filed after such period cannot be legally entertained.

The order discharging the attachment is hereby reversed and set aside.

*Order reversed.*