## VAUGHN, appellant, v. DAWES, respondent.

APPEAL. — *A transcript on an appeal from an order dissolving an attachment held sufficient.* — In the case at bar, the transcript on an appeal from an order dissolving an attachment failed to set forth the grounds of the court for dissolving the attachment, except by a copy of the motion to dissolve the same, certified to be correct by the clerk of the court. *Held,* that there was a sufficient compliance with the requirements of section 438, division 1, Compiled Statutes of Montana. *Granite Mt. Mining Co.* v. *Weinstein, ante,* p. 346, cited.

ATTACHMENT. — *A motion to dissolve an attachment must be made within the time prescribed for answering in the summons.* — In the case at bar, in the lower court, the defendant made a motion to dissolve an attachment levied upon his property. He did so after having filed a demurrer, and after the time prescribed for answering, under subdivision 3, section 68, division 1, Compiled Statutes of Montana, in the summons served upon him had expired. *Held,* that under section 200, division 1, Compiled Statutes of Montana, the motion to dissolve the attachment was made too late, and should have been disallowed.

*Appeal from District Court, Gallatin County.*

J. L. STAATS, for the appellant.

It is well settled that the defendant in an action cannot move to dissolve an attachment issued in a cause

after an appearance, and after the time for answering expires. See Code Civ. Proc., sec. 198, div. 1; *Magee* v. *Fogerty*, 6 Mont. 237; Drake on Attachment, sec. 112; *Bishop* v. *Fennerty*, 46 Miss. 570; *Woodruff* v. *Sanders*, 18 Wis. 171; *Blackwood* v. *Jones*, 27 Wis. 498; *Fairfield* v. *Madison Mfg. Co.*, 38 Wis. 346; *McDonald* v. *Fist*, 60 Mo. 172.

ARMSTRONG & HARTMAN, for the respondent. No brief among the files.

GALBRAITH, J. This is an appeal from the order of the court dissolving the attachment. It is claimed that the " record or bill of exceptions " should set forth the grounds for the action of the court in dissolving the attachment. The record does this. These grounds are contained in the motion to dissolve the attachment, which is contained in the transcript, and certified to by the clerk to be correct. It will be presumed that the application itself to dissolve the attachment was used upon the hearing in which the order to dissolve was granted; that it is one of the papers which was used upon the hearing contemplated by section 438, division 1, Compiled Statutes. It is not necessary that the transcript should contain a bill of exceptions including the order appealed from, or the motion containing the grounds for such order. It is sufficient, as in this case, that the copies of these papers contained in the transcript be certified to by the clerk to be correct. *Granite Mt. Mining Co.* v. *Weinstein, ante*, p. 346. The record, therefore, is properly before us for consideration. The record and the arguments of counsel present the question whether or not the motion to discharge the attachment was made too late. The summons was served on the respondent, in the county where the suit was brought, on the third day of October, 1887. On the eighth day of October following, the defendant filed a demurrer to

the complaint, stating, as the sole ground therefor, that the complaint did not state facts sufficient to constitute a cause of action. The motion to dissolve the attachment was filed on the fourth day of November, 1887. This was after the time allowed by law for answering the complaint, as contained in the statute in relation to the service of summons. Subd. 3, sec. 68, div. 1, Comp. Stats. But it is claimed that the time for answering, contemplated by section 200, division 1, Compiled Statutes, within which the motion to discharge the attachment must be made, is not the time mentioned in subdivision 3 of section 68, in relation to the time for answering after the service of summons, but that the "time for answering does not expire until the disposition of the demurrer interposed, and such further time as may be allowed by the court for answering. These two sections are as follows: Sec. 200: "The defendant may also, at any time before the time for answering expires, apply, on motion, upon reasonable notice to the plaintiff, to the court in which the action is brought, or the judge thereof, that the attachment be discharged, on the ground that the writ was improperly issued." Sec. 68: "The summons must contain: . . . . 3. A direction that the defendant appear and answer the complaint within ten days, if the summons is served within the county in which the action is brought; within twenty days, if served out of the county, but in the district in which the action is brought; and within forty days, if served elsewhere."

We are of the opinion that the phrase, "time for answering," as used in section 200, refers to the time in which the defendant shall appear and answer the summons as required in subdivision 3, section 68. It is true that the party may not answer within the time required by the statute, as the term "answer" is technically used in pleading, viz., by making specific denials, or by stating

new matter; but, nevertheless, that is the time within which he must answer, in this sense, if he desires so to do. This is "the time for answering," as intended by section 200. We cannot believe that the legislature, by the use of this phrase, intended to allow a defendant all the time within which to make his motion to discharge the attachment to be obtained by a motion or demurrer, which might be frivolous, and made for the purpose of delay. The district courts of this territory, in many of the counties, are held but twice a year, and often there is an interval of more than six months between the terms. Suits are being brought in these courts at all times, and it is not reasonable to believe that the legislature, by the enactment of section 200, intended that vague and uncertain time, extending from the service of summons until and after the commencement of the next term, or that which might occur where there was a default, and the party afterwards permitted to answer, but the fixed and certain time within which the defendant is required to answer, after the service of the summons, which in this case was ten days. That the legislature intended this construction is apparent from the fact that the motion may be made before the judge at chambers. That this construction is reasonable, and was the intention of the legislature, is also sustained by analogy in the proceedings of this character in other jurisdictions.

We are not referred to, nor have we had access to, any authorities (if any such there be), from any jurisdiction, containing a statutory provision in relation to motions to discharge attachments similar to our own. The motion is evidently made upon the ground, "among other things," that the writ was illegally or improperly issued, and is based upon what is claimed to be insufficiencies or defects in the complaint. These are defects or irregularities appearing on the face of the proceedings. The

phrase "among other things," contained in the motion, is too indefinite to receive any consideration. The assignment of the reasons for discharging the attachment should be definitely and specifically designated. Waples on Attachment, 417. In this motion, those reasons which are so designated are the alleged defects and imperfections of the complaint. In regard to this subject, Drake, in his work on attachment (3d ed., sec. 112), uses the following language: "The most usual mode of defeating an attachment on account of defects in the affidavit is by motion to quash or dissolve the attachment. This motion is in the nature of a plea in abatement; and if successful, its effect is the same. In Alabama and North Carolina, and also Tennessee, however, the only way to reach such defects is by plea in abatement. Whichever mode is adopted, it should be referred to *in limine*, for after appearance by the defendant and plea to the action, it is too late to take advantage of the defects in the preliminary proceedings; they will be considered as waived unless statutory proceedings direct otherwise." It is true that the author, in using this language, mentions only the defects in or omission to make an affidavit. But the motion may be made in any case where "the attachment proceeding is radically defective upon its face, and when the writ has been unwarrantably issued." Waples on Attachment, 417. The above language in Drake on Attachment is applicable in any case where a motion to dissolve may be made. A demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action is a general appearance and plea in the cause. "At common law, pleas in abatement must be filed within four days after appearance or delivery of the declaration." *Pratt* v. *Sanger*, 4 Gray, 84. Also at common law, the first day of the term was the return day of the writ; and the defendant was required to appear on that day or the

*quarto die post,* or fourth day after (3 Sharswood's Bla. Com. 278); and after a general imparlance, which term signified "time to plead," and which was "an acknowledgment of the propriety of the action," no dilatory plea, which included a plea in abatement, could be pleaded. 3 Sharswood's Bla. Com. 301. Reasoning, therefore, from the language of the statute above referred to, and from the analogy of the law in relation to pleas in abatement, we are of the opinion that the motion to discharge the attachment was made too late. "The statutory period is a limitation, and a motion to discharge an attachment, filed after such period, cannot be legally entertained." *Magee* v. *Fogerty,* 6 Mont. 237, Wade, C. J., delivering the opinion of the court. The motion to discharge the attachment should have been made before the time for answering expired, which in this case was ten days.

The order discharging the attachment is reversed.

*Judgment reversed.*

McCONNELL, C. J., and BACH, J., concur.