WALLACE ET AL., APPELLANTS, *v.* LEWIS ET AL.,
RESPONDENTS.

ATTACHMENTS — *Time in which motion to dissolve may be made.* — Under section 200
  of the Code of Civil Procedure, which provides, in substance, that the defend-
  ant may "at any time before the time for answering expires apply on motion
  to the court that the attachment be discharged, on the ground that the writ was
  improperly issued," the motion must be made within the time in which the
  defendant shall appear and answer the summons. (Case of *Vaughn* v. *Dawes,*
  7 Mont. 362, affirmed.)

SAME — *Motion to dissolve — Change of venue does not enlarge time.* — Where a
  motion to discharge an attachment is overruled, without prejudice to the
  renewal of the motion, upon a change of venue being granted, and the venue
  is subsequently changed, the time in which such motion may be made is not
  thereby enlarged.

SAME — *Discharge — Motions.* — In the case at bar, before the expiration of the time
  to answer the defendants moved to discharge the attachment, which motion was
  denied without prejudice to a renewal of the motion on a change of venue. A
  change of venue being granted, the defendants, after the expiration of the time
  to answer, again moved to discharge the attachment, using the same papers that
  had been filed on the former motion. *Held,* that a motion, being an application
  for an order, is not made by the filing of an application in writing alone, but by
  the moving of the court to grant the order, and the defendants' second motion
  was too late.

*Appeal from Sixth Judicial District, Gallatin County.*

This action was commenced in the District Court of Lewis and Clarke County. A change of venue was granted by HUNT, J., to Gallatin County on motion of the defendants. The order discharging the attachment was made by HENRY, J.

Statement of facts, prepared by the judge delivering the opinion.

The complaint is on a money demand, and was filed in the First District Court in and for Lewis and Clarke County, November 27, 1889. Summons was issued, and served on defendant Lewis December 2d, and on defendant Vaughn December 12th, each in Gallatin County, in the sixth district. Writ of attachment was issued November 27th, and levied on personal property November 29th. Lewis' time to appear expired January 11, 1890, and Vaughn's on January 21st. Before those dates each appeared by demurrer. A written application to dissolve the attachment was filed by defendants on January 9th. On the same day defendants filed written demand that the venue be changed to Gallatin County, in the sixth district. The application to discharge the attachment was heard by Hon. William H. Hunt, judge of the first district, in his court, January 15th. It was heard upon all the papers and proceedings in the case, and upon affidavits filed. The application was denied by Judge Hunt, January 15th, in the following order: "That said motion be overruled, without prejudice to defendants' renewing said motion, if a change of venue shall be granted herein." On January 17th the same judge made an order, on defendants' motion, changing the venue to Gallatin County. On March 5, 1890, before Hon. Frank Henry, judge of the sixth district, defendants moved to discharge the attachment. They used the same papers on the motion that had been filed and used in the first district. Since the hearing in the last-mentioned district, no papers of any description connected with the motion had been filed. On the hearing before Judge Henry, March 5th, an order was made discharging the attachment. From this order plaintiffs appeal.

*Kinsley & Knowles,* and *M. J. Liddell,* for Appellants.

A motion for the discharge of the attachment was filed by respondents on the ninth day of January, 1890. On the fifteenth day of January the respondent Lewis applied to the court to discharge the said attachment, and on the sixteenth day of January the court overruled said application and motion. January 9th respondents filed a motion for a change of venue, which was granted on January 17th. March 5th, forty-three days after the last day for respondents to answer, and fifty-four days after both respondents had answered, and when the said cause had been removed from the court in which the action was begun, and when the cause was pending before another judge other than the one who overruled the first application, respondents made a second application for the discharge of said attachment, which said last-mentioned judge granted said application. By the provision of section 200, chapter lv., first division, Code of Civil Procedure, the respondents exhausted their right to apply for a discharge of this attachment in the court where this action was brought. (*Vaughn* v. *Dawes*, 7 Mont. 360; *Magee* v. *Fogarty*, 6 Mont. 237; Drake on Attachments, §§ 112, 420; *Hatry* v. *Shuman*, 13 Mo. 547; *Cannon* v. *McManus*, 17 Mo. 345; *McDonald* v. *Fist*, 60 Mo. 172; *Roberts* v. *Warren*, 3 Wis. 646; *Blackwood* v. *Jones*, 27 Wis. 498; *Fairfield* v. *Madison Manuf. Co.* 38 Wis. 346; *Bishop Bros.* v. *Fennerty*, 46 Miss. 570; *Archer* v. *Claflin*, 31 Ill. 306.)

*Luce & Luce*, for Respondents.

Appellants say that on the sixteenth day of January, 1890, the court overruled defendants' motion to discharge the attachment. This is the order referred to: "That said motion be overruled without prejudice to defendants renewing said motion if a change of venue shall be granted herein." This order left the case just as it was before the order was made. The order did not finally dispose of the motion so as to make it appealable. Appellants are mistaken in saying that a second application to discharge their attachment was made March 5th. The only motion or application that was ever filed is the one that was filed in the First Judicial District Court, and it was filed before the time for answering had expired. The summons was served on defendant Lewis, December 2, 1889, in Gallatin County; on

defendant Vaughn, December 12, 1889, in Gallatin County, and the said motion was filed January 9, 1890. The court takes judicial notice that Gallatin County is not in the First Judicial District, and that therefore defendants had forty days after service of summons within which to answer, and it does not require a very careful mathematical calculation to show that January 9, 1890, was within forty days after December 2, 1889. This motion is the only motion ever filed to discharge the attachment in this case, and it is quite immaterial that Judge Henry's order was made forty-three days or fifty-four days after the time for answer had expired. The material questions in this regard are, did Judge Hunt finally dispose of the matter, and did the defendants renew or call up again the motion after the change of venue was made? A casual reading of Judge Hunt's order shows that no final disposition of the motion was thereby made. If we are right in this, then his order of January 16, 1890, did not put an end to the motion in that court and his order was not appealable, and that if his order did not so put an end to the motion, then on transfer to Gallatin County the District Court of that county had jurisdiction to finally dispose of the matter. It therefore follows that *Vaughn* v. *Dawes*, 7 Mont. 361, cited by appellants, has no application whatever. The grand fact in that case was that the motion to discharge was made after the time prescribed for answering had expired. The points decided in the balance of the cases cited by appellants are, that any proceeding in the nature of a motion to vacate, quash, or discharge a writ of attachment should be taken in time. There is no such question in this appeal. The transcript shows that the defendants, before the time for answering had expired, made their motion to discharge the attachment, and that it was made upon due notice to the plaintiffs.

DE WITT, J.—Section 200 of the Code of Civil Procedure is as follows: "The defendant may also, at any time before the time for answering expires, apply on motion, upon reasonable notice to the plaintiff, to the court in which the action is brought, or the judge thereof, that the attachment be discharged on the ground that the writ was improperly issued." This statute is interpreted that the time in which the application

must be made "refers to the time in which the defendant shall appear and answer the summons." (*Vaughn* v. *Dawes*, 7 Mont. 362.) That is, if the summons be served on defendant in a district other than the one in which the action is brought, he must appear within forty days. Defendant Lewis might then make the application before or on January 11th. Defendant Vaughn had until January 21st.

The application was heard by Judge Hunt, January 15th. This was within the statutory time as to defendant Vaughn, whatever may have been the situation of Lewis. When Judge Hunt denied the application, "without prejudice" as to a renewal before Judge Henry, he did not purport to extend the time in which defendants might make the application, which time was fixed by the statute, and the construction thereof in *Vaughn* v. *Dawes*, *supra*. The ruling simply relieved the defendants from the possibility of a charge of contempt of court in making a second application to another judge. Conceding that the effect of the words "without prejudice" was to leave the defendants as they were before the hearing before Judge Hunt, it was to preserve their privileges existing when they went into the First District Court, not to enlarge them, or create new ones. (See *Ford* v. *Doyle*, 44 Cal. 635; *Bowers* v. *Cherokee Bob*, 46 Cal. 285; *Kenney* v. *Kelleher*, 63 Cal. 443; §§ 551, 552, Code Civ. Proc.) In this view the defendants were therefore, on January 17th, in the same position as if they had never moved for a dissolution of the attachment. We find that they take no steps whatever until the application to Judge Henry, March 5th.

Our statute, section 482, Code of Civil Procedure, defines a motion as follows: "Every direction of a court or judge made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion." The statute of California is identical. (Prac. Act Cal. § 515; Code Civ. Proc. Cal. § 1003. See, also, *Jenkins* v. *Frink*, 27 Cal. 339.) In *People* v. *Ah Sam*, 41 Cal. 650, Temple, J., interprets the above law as follows: "A motion is properly an application for a rule or order, made *viva voce* to a court or judge. It is distinguished from the more formal applications for relief by petition or complaint. The grounds of the motion are often

required to be stated in writing, and filed. In practice, the form of the application itself is often reduced to writing, and filed. But making out and filing the application itself is not to make the motion. If nothing more were done, it would not be error in the court to entirely ignore the proceeding. The attention of the court must be called to it. The court must be moved to grant the order."

We adopt these views with the modification that we do not consider that the learned judge used the words *viva voce* in their exact literal signification. The application might be submitted to the court without argument or comment; but the attention of the court must be called to it in some way, by some movement of counsel. As the opinion cited says, "the grounds of the motion are often required to be stated in writing, and filed." Without express direction, such is infinitely the better practice. The motion is thus preserved in the exact form which counsel desire to give it. It is then exempt from the dangers incident to journal entries and minutes, or even the transcription by stenographers and court clerks. But the motion itself is the application to the court. "The court must be moved to grant the order;" and, when so moved, the proceeding is a motion. In this view, the defendants' motion, in the case at bar, their application to the court for the order to discharge the attachment, was not made until March 5th. The latest date within which they could move was January 21st. They were too late. This rule is particularly applicable to motions to discharge attachments. The adjudicated cases uniformly hold that such motion should be made *in limine.* Our own statute, which is chary in granting powers to a judge in chambers, gives him authority to hear and determine this motion; presumably for the reason that it is a matter demanding instant decision, and not a delay until term time, which, under the judicial system in force in the Territory when the law was enacted, might be six months distant. Large amounts of personal property may be seized on attachment, and held at a constantly accumulating expense. The right to the attachment should be determined at once. The moving party may not file his motion in writing, and wait for months before moving the court. Such practice would open the gate to abuses incalculable.

It is not required to discuss the other matters presented on the appeal. The motion to discharge, on which the order was made, and from which the appeal is taken, was not made in time, and the order is reversed, with costs.

BLAKE, C. J., and HARWOOD, J., concur.