# S. C. HERBST IMPORTING COMPANY, RESPONDENT,
## *v.* HOGAN, APPELLANT.

[Submitted July 9, 1895.  Decided July 15, 1895.]

DEFAULT JUDGMENT—*Relief— Judicial discretion.*—It is not an abuse of discretion to refuse to vacate a default on the ground of excusable neglect where sickness in the family of defendant's counsel and absence of defendant through illness of his mother is made the basis of the application for relief.

PLEADING—*Assumpsit—Demurrer.*—A complaint for the purchase price of goods, which neither pleads any indebtedness by the defendant to plaintiff, or to any one else, nor that the goods were delivered to defendant by plaintiff or by anyone in plaintiff's behalf, or by anyone else, is bad on demurrer.

SAME—*Corporations—Legal capacity to sue.*—Legal capacity to sue being an ordinary incident to a corporation, a demurrer for such want of capacity must be based upon allegations appearing in the pleading and not upon the want of allegations.

SAME—*Assumpsit—Demurrer.*—A complaint alleging an indebtedness by the defendant to a certain company upon a balance of an account for goods sold and delivered to defendant in a given month, and the assignment of the account to plaintiff, who is the owner and holder thereof, and that the defendant has not paid said account or any part, though due and payable, is good on general demurrer.

SAME—*Demurrer—Uncertainty.*—Demurrer is the appropriate remedy to reach a pleading objectionable for uncertainty.

SAME—*Corporation—Demurrer.*—A complaint on an account assigned to plaintiff by a certain company which fails to show that such company had any legal existence or the nature thereof, is bad when specially demurred to upon that ground.

ATTACHMENT—*Affidavit—Defects—Amendment.*—An affidavit in attachment which fails to state whether the contract sued upon is express or implied, and which imperfectly states the title of the court, is defective, but may be cured by amendment.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION to recover for goods sold.  Judgment by default was rendered for the plaintiff below by McHATTON, J., and defendant's motions to vacate the default and dissolve the attachment denied.  Reversed.

Statement of the case by the justice delivering the opinion.

Plaintiff alleges that it was a corporation by the name of the S. C. Herbst Importing Company.  The complaint then proceeded as follows:

"For a first cause of action against defendant, plaintiff says defendant is indebted to — in the sum of two hundred and eighty-two and 9-100 dollars for goods and merchandise sold and delivered to defendant at his instance and request in the

month of May, 1893; that the defendant has not paid therefor, or any part, although the same is now due and payable.    For a further and separate action against defendant, plaintiff says that said defendant was heretofore justly indebted to the Silver City Distilling Company in the sum of one hundred and 25-100 dollars, on a balance of account for goods and merchandise sold and delivered by said company to defendant in the month of September, 1893; that said Silver City Distilling Company, prior to commencing this action, sold and assigned said account to plaintiff, who is the owner and holder thereof; that defendant has not paid said account, or any part, although the same is due and payable.    Wherefore plaintiff demands judgment,'' etc.

The defendant demurred to  the first cause of action, generally and specially.    The special demurrer alleges that the complaint was ambiguous, unintelligible, and uncertain, in this: ''Because it does not state how, when, or where, or under the laws of what state, nation, or jurisdiction, the plaintiff was organized or incorporated, or any reason or purpose for its existence, or any kind of business it is authorized to do, or where it carries on or  transacts any kind of business whatever.''

Defendant also demurred to the second cause of action, generally and specially, and for ground of special demurrer alleges that the complaint was ambiguous, unintelligible, and uncertain, in this:    ''That it does not sufficiently describe the alleged assignor or vendor of the balance of account owed for the pretended Silver City Distilling Company, or whether it has any legal existence whatever,  or whether it has authority or capacity to do or transact any business of any kind or at all. It does not show when, where, or  how, or  by what means, if any, it was either  organized or  incorporated.''    The demurrers were overruled.

The default of the defendant for want of an answer was entered, and judgment ordered in favor of plaintiff, as prayed for in the complaint.    The defendant's counsel moved to set aside the default on the ground of excusable neglect.    The af-

fidavit which was made the basis of this application for relief was, substantially, that defendant's counsel was very busy with other professional matters, and was embarrassed by attention upon members of his family who were ill, and by the absence of the defendant himself, who was called away by the illness of his mother.    With the application to set aside the default the defendant tendered an answer.    The court refused to set aside the default.

Plaintiff secured an attachment.    The title of the court in which the action was brought, and immediately preceding the affidavit proper, was imperfectly stated.    The allegations of the affidavit were, among others, that the defendant was indebted to the plaintiff in the sum of $382.34, over and above all legal setoffs and counterclaims, upon a contract for the payment of money, etc.    There was a motion to dissolve the attachment on the ground of irregularity and insufficiency of the affidavit in omitting to state that the alleged contract sued upon was either express or implied, or the kind or nature of said contract.    The motion to dissolve this attachment was overruled. The defendant appeals from the judgment, and from the order overruling the motion to set aside the default and judgment, and from the order refusing to dissolve the attachment.

*John T. Baldwin*, for Appellant.

*Stephen De Wolfe*, for Respondent.

HUNT, J.—We find no error in the exercise of the discretionary power of the court in refusing to set aside the default of the defendant, but are constrained to reverse the case upon other grounds.

The first count of plaintiff's complaint is fatally defective, and upon a general demurrer should have been so held.    The plaintiff nowhere pleads any indebtedness by the defendant to plaintiff, or to any one else.    This omission may have been a clerical error, but it is none the less material.    Nor does plaintiff aver that the goods and merchandise sold and delivered to defendant were sold or delivered by plaintiff, or by any one

in behalf of plaintiff, or by any one else. There is no aver-ment whatsoever of the count to so connect the parties with any wrong done as to entitle the plaintiff to redress.

By the special demurrer to the first count, appellant at-tempts to raise a question more properly tested by a demurrer based upon the ground that plaintiff has no legal capacity to sue. (Bliss on Code Pleading (3d Ed.) § 408a; Maxwell on Code Pl. pp. 370, 371.) As bearing directly on this point see the following cases, which hold that a legal capacity to sue is an ordinary incident to a corporation, and that ground of de-murrer for want of capacity to sue must appear from allega-tions as made in the complaint, and not from want of allega-tions: *American B. H. & O. Co.* v. *Moore*, 2 Dak. 280; *Crane Bros. Manufacturing Co.* v. *Reed*, 3 Utah 506; Pom. Code Rem. § 208; *Smith* v. *Sewing Mach. Co.*, 26 Ohio St. 562; *Phoenix Bank* v. *Donnell*, 40 N. Y. 410.

The general demurrer to the second count was properly overruled. But, while the count states a cause of action, we think the special demurrer was well taken. Whether the Sil-ver City Distilling Company, assignor of plaintiff, had or had not a legal existence, and what the nature of its existence was, ought, by all reasonable rules of pleading, to appear with some degree of certainty. The practice of most Code states makes uncertainty in a complaint ground for a motion to have the objectionable pleading made more certain, but, under the Mon-tana practice, demurrer is the appropriate remedy. (Code of Civil Procedure § 87; Boone on Code Pleading § 54.)

The answer proposed by defendant pleads that the plaintiff is a foreign corporation, and never has complied with the laws of the state requiring a certificate to be filed in the office of the secretary of state, designating an agent, who shall be a citizen of the state, upon whom service of summons and other process may be made, and providing, further, that, if such foreign corporation shall fail to comply with the provisions of the statute referred to, all its contracts shall be void as to the corporation, and no court of this state shall enforce the same in favor of the corporation. Act March 8, 1893 (Sess. Laws

1893, p. 91). The court, being without brief or argument on this point, refrain from expressing any opinion upon how non-compliance with the statute may affect the contracts of the plaintiff, if the allegations of the answer are true. When this identical question was incidentally raised in Dakota, the court, by Shannon, C. J., said: "Before determining so grave a question, we must not only have a proper case, but great care must be taken to examine that class of authorities which assert the doctrine that when a statute prohibits an act, or annexes a penalty for its commission, it does not always follow that the unlawfulness of the act was meant by the lawmakers to avoid a contract made in contravention of it." (*American B. H. & O. Co.* v. *Moore,* 2 Dak. 280, and cases therein cited.)

We think the affidavit in attachment is defective in not stating the nature of the contract sued upon, whether express or implied. It should also be properly entitled. These defects, however, can be cured by amendment. (*Pierse* v. *Miles,* 5 Mont. 549; *Langstaff* v. *Miles,* 5 Mont. 554; *Magee* v. *Fogerty,* 6 Mont. 237; *Josephi* v. *Clothing Co.,* 13 Mont. 195.)

The judgment of the district court is reversed, and the cause is remanded with directions to sustain the defendant's general demurrer to the first count of plaintiff's complaint and defendant's special demurrer to the second count of plaintiff's complaint. The order of the district court denying the defendant's motion to dissolve the attachment is also set aside, and the cause is remanded with directions that the plaintiff have an opportunity to give such a new affidavit in attachment as the law requires. Reversed and remanded.

*Reversed.*

PEMBERTON, C. J., and DE WITT, J., concur.