## C. W. Freelove v. B. T. Gould.
### No. 135.

1. New Trial — *Time for Filing Motion.*   The filing of a written motion for a new trial, containing the grounds therefor, with the clerk of the court in which a case has been tried, within three days after the verdict or decision was rendered, is a sufficient compliance with the statute as to the time within which an application for a new trial must be made without an actual presentation of such motion to the court within the three days.

2. Trespass — *Facts Must Be Pleaded.*   The plaintiff in an action to recover damages for a trespass upon real estate, who seeks to aggravate the damages by showing wrongs committed by the defendant in the destruction of or injury to personal property of the plaintiff on such premises, must allege the aggravating circumstances in his pleadings.

3. New Trial — *When Granted.*   When there is an entire failure of the evidence to sustain material findings of the jury, it is error for the trial court to overrule the motion for a new trial made by the unsuccessful party on the ground that the verdict is not sustained by sufficient evidence.

Memorandum.—Error from Cloud district court; F. W. Sturges, judge.   Action by B. T. Gould against C. W. Freelove to recover damages for trespasses. Judgment for plaintiff.   Defendant brings the case to this court.   Reversed.   The opinion herein, filed June 4, 1896, states the material facts.

*C. W. Vandemark*, and *Theodore Laing*, for plaintiff in error.

*Isaac A. Rigby*, for defendant in error; *Pulsifer & Alexander*, of counsel.

The opinion of the court was delivered by

GARVER, J.: At the threshold of this case counsel for the defendant in error interpose an objection, on the ground that the errors complained of cannot be reviewed by this court, for the reason that no motion for a new trial was made in the trial court within the time required by law. The proposition, which is presented and argued with much skill and ability, is that it is not sufficient that the motion for a new trial be filed within three days after the verdict or decision complained of is rendered, but that the motion must have been actually presented to the court within that time. It is claimed that a written motion for a new trial is not required by the statute; that it may be a mere verbal application to the court, based upon written grounds on file at the time. So far as concerns this question, sections 308 and 309 of the code provide that the application for a new trial must be made at the term the verdict or decision was rendered and within three days thereafter, upon written grounds filed at the time of making the motion. The contention is that the application must be made to the court; that the mere filing of a written application with the clerk, without its being actually called to the attention of the court, and thus presented to it within the three days, is not a compliance with the statute. The argument of counsel is plausible and not without force, and presents a question which at an earlier

period in the practice under the code in this state would challenge serious attention. It finds support in the following cases : *People v. Ah Sam*, 41 Cal. 650 ; *Buckner v. Conly*, 1 T. B. Mon. 3 ; *Ex parte Highland Ave. &c. Rld. Co.* 17 S. Rep. (Ala.), 182 ; *Wallace v. Lewis*, 9 Mont. 399 ; *Emison v. Shepard*, 121 Ind. 184.

So far as we are informed, this question has never been raised or passed upon in this state. Occasion for it has been frequent, almost every volume of the reports containing cases wherein the supreme court has considered the manner and time of making a motion for a new trial. These sections of the code have been considered and applied under almost every conceivable state of facts. It has been the uniform practice in this state, from the beginning, to recognize the filing of a written motion for a new trial, within three days after a verdict or decision, as an application *"made"* within the meaning of section 308, and as equivalent to the formal making and presentation of the motion to the court which counsel for defendant in error claim to be essential. (*Mitchell v. Milhoan*, 11 Kan. 617 ; *Nesbit v. Hines*, 7 id. 316 ; *Fowler v. Young*, 19 id. 150 ; *Clayton v. School District*, 20 id. 256 ; *Gruble v. Ryus*, 23 id. 195 ; *Pratt v. Kelley*, 24 id. 111 ; *Hover v. Tenney*, 27 id. 133 ; *Dyal v. City of Topeka*, 35 id. 62 ; *Mercer v. Ringer*, 40 id. 189 ; *Deford v. Orvis*, 52 id. 432 ; *Brewing Association v. Wolff*, 53 id. 323.)

This construction of the statute has, also, been universally acquiesced in and acted upon by the courts and by the bar of the state, and has become a rule of practice as thoroughly established as if directed by the very letter of the law. The change of construction contended for would not only revolutionize the practice, but would inevitably result in the doing of

grievous wrong to litigants who have acted in reliance upon the established rule. The doctrine of *stare decisis* is peculiarly applicable under such circumstances, and forbids any innovation at this time.

Upon the merits of the case, we find numerous errors complained of, arising out of the rulings of the court and running through a voluminous record. For the most part, they are rulings upon the admission of evidence, and are not of sufficient importance to merit any extended place in this opinion. In the court below, Gould, who had leased a tract of land from Free-love and was in possession of the same, brought an action in the nature of trespass *quare clausum fregit*, seeking to recover damages alleged to have been sustained from certain wrongful and unlawful entries made by Freelove upon the premises. The petition contains two counts, the first declaring upon a trespass upon the premises and the destruction of grass and corn growing thereon, at divers times between the 1st day of March, 1889, and the 5th day of February, 1891; and the second alleging that the defendant, on February 5, 1891, unlawfully entered upon the premises, broke into plaintiff's dwelling-house, took possession of his furniture, household goods, and family clothing, and ejected him therefrom. Gould's tenancy was for a term of three years from March 1, 1889. The jury returned a verdict in favor of the plaintiff for $325 — $300 as damages for the injury to the furniture and household goods, $10 for damage done in cutting corn, and $15 as the value of some hogs and chickens which were on the premises. It is contended on the part of the defendant that this verdict is not sustained by the evidence.

The jury found that Freelove's entry upon the prem-

ises against the will of Gould was unlawful. Being so, and this being an action to recover for a trespass upon the possessory rights of Gould, he was entitled to recover any damages which he sustained by reason of the wrongful conduct of the defendant, within the allegations of the petition. But the plaintiff is limited in his recovery to the case which he has made by his pleadings. When a trespass upon real estate is accompanied by special indignities and injuries, the facts showing the aggravation must be pleaded. Upon proper pleading and proof, a recovery may be had in such action for all injuries done to either the plaintiff's real or personal property, if done in connection with the trespass and in connection with the injury to his possession.

Under this rule, the plaintiff was not entitled in this case to recover any damages on account of his hogs and chickens. They were not mentioned in the pleadings; and if we turn to the evidence there is nothing to show what became of them, or that the defendant ever exercised any control over them. The jury specially found that it was not shown that the defendant converted to his own use any of the property of the plaintiff. If the defendant did not appropriate any of plaintiff's property nor prevent him from having it, and it was situated so that it could at any time have been taken possession of, he certainly was not entitled to recover its full value as damages merely because of a trespass upon the premises where such property was situated. The evidence shows that when the defendant took possession of the house the plaintiff's household goods, clothing, etc., were therein; that the defendant offered to hand them out to plaintiff, but refused to permit him to enter the house

for the purpose of removing them himself.   The plaintiff refusing to take them upon such terms, the defendant placed them in one of the rooms of the house, where they remained to the time of the trial.   There is no evidence that any material injury was done to the plaintiff's property in being thus stored, or that it was worth less at the time of the trial by reason of any act of the defendant.   The evidence tended to show that the property, for injury to which the jury allowed $300, did not exceed in value at the time of the claimed trespass the sum of $500.   That was the value placed upon it by the plaintiff himself, who was permitted to testify in a very irregular manner as to values.   It is questionable under the evidence whether all of the household goods and property in the house, which belonged to the plaintiff, were worth more than $300.   Some of the articles belonged to his wife.   For such articles he could not recover damages ; but upon the trial no separation or distinction seems to have been made between his property and hers.   In addition to the $300 awarded as damages for injuries to the furniture and household goods, the jury said that such furniture and household goods should be returned to the plaintiff.   The court rendered judgment in accordance with this finding of the jury, affirmatively showing that damages were allowed to the plaintiff as the owner of the goods and the one entitled to their possession.   We think this verdict entirely unwarranted by the evidence.   Our attention has not been called to any part of the record where evidence may be found to support this finding of the jury, and we have been unable, in our search, to find any.   The motion for a new trial challenged the attention of the court to this want of evidence to sustain the verdict, and should have been sustained.

For the foregoing reasons, the judgment must be reversed, and the case remanded for a new trial.

All the Judges concurring.