## BURCHAM v. EDWARDS *et al.*

No. 2535.   Opinion Filed April 4, 1913.

(131 Pac. 528.)

**NEW TRIAL—Motion—Time of Filing.** The filing of a written motion for a new trial, containing the grounds therefor, with the clerk of the court in which a case has been tried, within three days after the verdict or decision was rendered, is a sufficient compliance with the statute as to the time within which an application for a new trial must be made without an actual presentation of such motion to the court within the three days.

(Syllabus by Harrison, C.) ·

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by Ulysses M. Burcham against W. F. Edwards and Nathaniel Peters. Judgment for plaintiff, and, from an order granting a new trial, plaintiff brings error. Affirmed.

*Lex V. Deckerd* and *W. D. Bynum,* for plaintiff in error.
*Z. I. J. Holt,* and *Stuart, Cruce & Gilbert,* for defendants in error.

Opinion by HARRISON, C. This action was brought by the plaintiff in error, as plaintiff below who obtained a judgment against defendants in error, as defendants below, October 24, 1910. At noon of October 27th, court adjourned for a few days, but not for the term. On the afternoon of October 27th, defendants filed motion for a new trial among the papers in the case with the clerk of the district court. The motion re-

mained among the papers, but was never called up by the moving party, nor was the attention of opposing counsel nor the court called to it during the remainder of the term, but at a subsequent term, which was held by a different judge to the one who tried the case in February, 1911, the motion was called up and presented by defendant. Plaintiff filed motion to dismiss defendants' motion on the ground that the application for a new trial had not been made at the term and within three days after the judgment had been rendered. The court overruled plaintiff's motion to dismiss and sustained defendants' motion for a new trial. Both these assignments are involved in the question whether the mere filing of the motion for a new trial in the clerk's office, without calling the court's attention to such motion on that day or at any subsequent day during the term, was a sufficient compliance with section 5827, Comp. Laws 1909, which requires the application to be made at the term and within three days after judgment. Said section 5827 reads:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." (Section 4198, St. Okla. 1893.)

Section 5828 reads:

"The application must be by motion, upon written grounds, filed at the time of making the motion. The causes enumerated in subdivision two, three and seven of section 5825, must be sustained by affidavits, showing their truth, and may be controverted by affidavits." (Section 4199, St. Okla. 1893.)

Plaintiff in error contends that this statute requires more to be done at the term and within three days after judgment than the mere filing of a motion in the clerk's office. The gist of the contention is that the statute requires two things to be done: That is requires the filing of written grounds for the motion, either in open court or in the clerk's office, and then the presentation of such motion within the time and at the term, and

that the mere filing of the written grounds in the clerk's office would not preserve the rights of the movant, unless the motion was formally made to the court or unless the court's attention was called to it in some way during the term and within the time. This may have been, and we must concede in all probability was, the original intention of the lawmakers. A number of states have followed the view embodied in this contention, as, Montana, Indiana, New York, Kentucky. But this identical question was before the Court of Appeals of Kansas in the case of *Freelove v. Gould*, 3 Kan. App. 750, 45 Pac. 454, in which the court said:

"The proposition, which is presented and argued with much skill and ability, is that it is not sufficient that the motion for a new trial be filed within three days after the verdict or decision complained of is rendered, but that the motion must have been actually presented to the court within that time. It is claimed that a written motion for a new trial is not required by the statute; that it may be a mere verbal application to the court, based upon written grounds on file at the time. So far as concerns this question, sections 308 and 309 (identical with sections 5827 and 5828, *supra*) of the Code provide that the application for a new trial must be made at the term the verdict or decision was rendered and within three days thereafter, upon written grounds filed at the time of making the motion. The contention is that the application must be made to the court; that the mere filing of a written application with the clerk, without its being actually called to the attention of the court, and thus presented to it within the three days, is not a compliance with the statute. The argument of counsel is plausible and not without force, and presents a question which, at an earlier period in the practice under the Code in this state, would challenge serious attention. It finds support in the following cases: *People . v. Ah 'Sam*, 41 Cal. 650; *Buckner v. Conly*, 1 T. B. Mon. [Ky.] 3; *Ex parte Highland Ave. & Rld. Co.* [105 Ala. 221] 17 South. 182; *Wallace v. Lewis*, 9 Mont. 399 [24 Pac. 22]; *Emison v. Shepard*, 121 Ind. 184 [22 N. E. 883]. So far as we are informed, this question has never been raised or passed upon in this state. Occasion for it has been frequent, almost every volume of the reports containing cases wherein the Supreme Court has considered the manner and time of making a mo-

tion for a new trial. These sections of the Code have been considered and applied under almost every conceivable state of facts. It has been the uniform practice in this state, from the beginning, to recognize the filing of a written motion for a new trial, within three days, after a verdict or decision, as an application 'made' within the meaning of section 308, and as an equivalent to the formal making and presentation of the motion to the court, which, counsel for defendant in error claim to be essential. *Mitchell v. Milhoan,* 11 Kan. 617; *Nesbit v. Hines,* 17 Kan. 316; *Fowler v. Young,* 19 Kan. 150; *Clayton v. School District,* 20 Kan. 256; *Gruble v. Ryus,* 23 Kan. 195; *Pratt v. Kelley,* 24 Kan. 111; *Hover v. Tenney,* 27 Kan. 133; *Dyal v. City of Topeka,* 35 Kan. 62 [10 Pac. 161]; *Mercer v. Ringer,* 40 Kan. 189 [19 Pac. 670]; *Deford v. Orvis,* 52 Kan. 432 [34 Pac. 1044]; *Brewing Association v. Wolff,* 53 Kan. 323 [36 Pac. 711]. This construction of the statute has also been universally acquiesced in and acted upon by the courts and by the bar of the state, and has become a rule of practice as thoroughly established as if directed by the very letter of the law. The change of construction contended for would not only revolutionize the practice, but would inevitably result in the doing of grievous wrong to litigants who have acted in reliance upon the established rule."

It is true that the foregoing opinion was rendered after the adoption of our statute, and that we are not necessarily bound by the construction therein given to the statutes; yet because the reasoning therein and the grounds upon which it is based are so identically in point with the facts in the case at bar and with the rule of practice existing in our state, we are persuaded to follow the rule therein stated. This identical question has never been before this court, at least so far as we have been able to find, but it has been the universal rule of practice in this jurisdiction, since the adoption of the Kansas Code, to treat the mere filing of the written grounds for a new trial at the term and within the time, as sufficient to preserve the movant's rights. For these reasons, and for the reasons stated in the opinion quoted from, the rule therein is followed.

The judgment should be affirmed.

By the Court: It is so ordered.