COPE, respondent, *v.* UPPER MISSOURI MINING AND PROSPECTING Co., appellant.

ATTACHMENT — *dissolution of.* The defective statement of a cause of action in the pleadings is not a ground for dissolving the attachment.

ATTACHMENT — *affidavit.* An affidavit for an attachment, which sets forth that the amount is due "upon in part of both an express and implied contract," without specifying how much is due upon each contract, is sufficient; but this affidavit is not a model of pleading.

ATTACHMENT LAW REMEDIAL. The attachment law is a remedial statute and must be liberally construed.

*Appeal from the First District, Madison County.*

COPE commenced this action in February, 1868, to recover for services performed and goods sold and delivered. The complaint contained the following verification and affidavit of the respondent:

"George F. Cope, plaintiff in the above suit, makes oath and says, the facts as stated in the foregoing complaint have been read to him, and that he knows of his own knowledge they are as stated therein true. Affiant says, on his said oath aforesaid, that said defendant is indebted to the plaintiff in the sum of $4,253.30, over and above all legal set-offs and counter-claims upon (in part of both an express and implied contract), for the direct payment of money, and that such expressed and implied contract was made and are payable in this Territory, and that the payment of the same has not been secured by any mortgage, lien or pledge upon real or personal property ; that the defendant is a non-resident of the Territory, and a foreign corporation ; that the sum aforesaid set out in this affidavit, and for which the attachment is asked, is an actual *bona fide* existing debt, due and owing from said defendant to the plaintiff; and that this attachment is not sought, and the action is not prosecuted to hinder, delay or defraud any creditor or creditors of said defendant."

An undertaking was filed by Cope, according to law, and the writ of attachment was then issued by the clerk of the court. The defendant appeared by its attorneys, and moved to dismiss the writ of attachment on account of the insufficiency of the affidavit. The court, WARREN, J., denied the motion, and defendant excepted.

W. F. SANDERS and H. N. BLAKE, for appellant.

The paper, termed the affidavit for the attachment, performs a double office, and also forms the verification of the respondent's complaint. The verification of a complaint, and the affidavit for an attachment, are regarded by the statutes as distinct and separate. Acts 1867, 156, § 121, affidavit for attachment; Acts 1867, 144, § 55, verification of complaint. The law does not regard with favor pleadings of a hybrid character, like those above specified. *Andrews* v. *Mokelumne Hill Co.,* 7 Cal. 334.

The affidavit should show the amount of the indebtedness upon a "contract, express or implied." It should show what is due under each contract. The respondent's affida-

vit states that the indebtedness is due in part upon both. Acts of 1867, 156, § 121; *Hawley* v. *Delmas*, 4 Cal. 195. Uncertainty in the affidavit will vitiate it. Drake on Attach., § 104. This statute must be construed strictly. *Roberts* v. *Landecker*, 9 Cal. 262.

DAVIS & THOROUGHMAN, for respondent.
No brief on file.

KNOWLES, J. This cause comes to this court on appeal from an order overruling a motion to dissolve an attachment proceeding.

The first point relied upon by the appellant in support of his motion is, that the attachment proceeding is void, for the reason that in the affidavit, upon which the attachment proceeding is founded, the facts necessary for the verification of the complaint are set forth. It is contended that this alone, notwithstanding there may be sufficient set forth in the affidavit to sustain the attachment writ, is such a defect that the court should have dissolved the whole proceeding. No attachment will be dissolved for surplusage in the affidavit. The facts verifying the complaint may properly be treated as surplusage, as far as the attachment proceeding is concerned. The fact that there may be no verification to the complaint, is not such a defect as to warrant the dissolving the attachment proceeding. If the action should be dismissed, upon proper motion, for this defect, of course, the attachment proceeding, being auxiliary, would fall with it. But, because the cause of action is improperly or defectively stated in the complaint is no ground for dissolving an attachment.

The second point relied upon by the appellant is, that this affidavit having been filed to perform the double purpose of a verification to a complaint and of an affidavit, is a pleading of a hybrid character, and not favored in law. And the case of *Andrews* v. *Mokelumne Hill Co.*, 7 Cal. 334, is cited to support this view. In that case a demurrer and answer were united in the same pleading, and it was not decided that, for this reason, there was neither demurrer

nor answer in the action; but the whole pleading was treated as an answer; and we hold that, in this case, we would not be justified in saying there is no affidavit for an attachment.

The third point presented by the appellant is, that the affidavit is fatally defective, because it is set forth therein that the defendant is indebted to the plaintiff in a certain amount, naming it, "upon, in part, of both an express and implied contract for the direct payment of money."

It is contended that the affidavit should state how much is due upon the express, and how much upon the implied contract. It would have been, no doubt, better practice to have stated how much was due on each contract. It is not necessary, however, for a party seeking an attachment to set out in his affidavit therefor his cause of action with any great particularity. It is sufficient, if the statute be substantially complied with. The case of *Hawley* v. *Delmas*, 4 Cal. 195, cited by the appellant, is not in point. That was a case where the grounds for the attachment were set forth in the affidavit, in the alternative. Alternative pleadings have ever been considered bad. In this case the grounds were stated conjunctively. Drake on Attachments, 104, cited by appellant to sustain the view that the attachment is void for uncertainty, because the cause of action is stated in the affidavit as above, is not authority in this case. The case there cited is one decided in the State of Louisiana, and based upon a statute which required the party seeking the attachment to state how much was due. The affidavit alleged that the defendant was indebted to the plaintiff in a certain amount, a part then due and a part to become due. The court held, very properly, that, as the statute required the applicant to state how much was due, and, as they could not tell this from the affidavit, it was fatally defective.

It will be seen by reference to that section of the attachment law, providing what must be set forth in the affidavit, to warrant the issuing the writ, that the second ground for attachment does not require that it should be set forth in

the affidavit whether the debt is due upon an express or implied contract or not. It is set forth in the affidavit that the defendant is a non-resident of the Territory. There is enough to warrant the issuing of the attachment under this head. The statute has been substantially complied with.

It is not true, as claimed by the appellant, that the attachment law should be strictly construed. Being a remedial statute, it should be liberally and beneficially expounded.

There were other points presented in the bill of exceptions, but, as they were not set forth in the brief of the appellant, they will be deemed waived.

In conclusion, we may be permitted to say, that, while we hold this affidavit to be sufficient to sustain the attachment writ, we do not regard it as a model.

It exhibits, on the part of the one who framed it, great carelessness, or a lamentable ignorance of the most common forms of judicial procedure.

The order of the court below is affirmed, with costs.

*Affirmed.*

WARREN, C. J., concurred.