## JOSEPHI ET AL., RESPONDENTS, *v.* MADY CLOTHING COMPANY, APPELLANT.

[Argued February 17, 1893. Decided, May 22, 1893.]

ATTACHMENT—*Affidavit—Amendment.*—An affidavit for attachment setting forth in the language of the statute a fraudulent disposition by defendant of its property as ground for attachment before the maturity of the debt, may be amended on the trial by setting out the facts constituting the alleged fraud.

EVIDENCE—*Declarations.*—Where a large indebtedness by a defendant company to one of its trustees, existing after the company had been in business but a few months, is sought to be proved fraudulent, a declaration by such trustee to a third party made at the time the company was incorporated, that the company had started with a clean balance sheet, is admissible.

VERDICT—*Sufficiency.*—A verdict in favor of plaintiff is sufficient without stating the amount awarded, where the answer admitted the indebtedness and amount thereof, and the only denial was that the debt was not yet due.

ESTOPPEL BY JUDGMENT.—An estoppel by judgment, to be available as a bar, must be pleaded.

*Appeal from First Judicial District, Lewis and Clarke County.*

Action upon an account. The cause was tried before BUCK and HUNT, JJ., sitting concurrently. Plaintiffs had judgment below. Affirmed.

Statement of the case prepared by the judge delivering the opinion.

The plaintiffs brought this action to recover judgment for one thousand two hundred and eighty-three dollars and fifty cents, on account of goods sold and delivered to defendant, a corporation. There was an unexpired credit upon the account. The plaintiffs brought the action under the following provision of section 183 of the Code of Civil Procedure: "Actions may be commenced and writs of attachment issued upon any debt for the payment of money or specific property, before the same shall have become due, when it shall appear by the affidavit." The section then goes on to provide what shall appear by the affidavit, in order that the attachment may issue. The complaint pleads the indebtedness and the unexpired credit, and then alleges, in sections 3–5, substantially as follows: That defendant is endeavoring to, and is about to, dispose of all its property subject to execution, for the purpose of defrauding its creditors; that is, defendant, by its officers, has entered into a collusive agreement with Reinhold H. Kleinschmidt and Albert Kleinschmidt, whereby it is pretended that defendant is indebted to said Kleinschmidts in the sum of thirteen thousand six hundred and thirteen dollars and thirty-seven cents, upon an alleged promissory note of defendant to said Klein-schmidts, of the date of October 2, 1890; that if said note were made, it was without consideration, nor was said defendant at all indebted to said Kleinschmidts, but the note was made for the purpose of enabling the Kleinschmidts to attach the property of defendant, and to take the same from the reach of the creditors of defendant, and to delay them in the collection of their debts; that in pursuance to such design, and in collusion with defendant, said Kleinschmidts, on October 15, 1890, procured an attachment against defendant, and levied upon all its property. The affidavit upon attachment in the case at bar, in addition to the matter required to be set out in an affidavit upon attachment for a debt due, contained the following statement: " That the same [that is, the indebtedness] is not yet due, but that defendant is endeavoring to, and is about to, dispose of all its property subject to execution to Reinhold H. Kleinschmidt and Albert Kleinschmidt, for the

purpose of defrauding its creditors, and that the payment is not secured by any mortgage, lien, or pledge upon real or personal property." A trial by jury resulted in a verdict for plaintiffs. Judgment was entered for the amount claimed. Defendant's motion for a new trial was denied. From that order and the judgment defendant now appeals. The alleged errors relied upon are stated as they are discussed in the opinion below.

*Henry C. Smith*, and *Cullen, Sanders & Shelton*, for Appellant.

I. The court erred in permitting the plaintiffs to amend the affidavit on attachment at the trial. The debt was not due at the time of the commencement of this action, and the only warrant for the commencement of a suit at law and the issuance of a writ of attachment before the maturity of the debt is statutory. (Comp. Stats., § 183, p. 104.) The affidavit is jurisdictional. If there is no affidavit—and a defective affidavit is the same as no affidavit—no action has been commenced. There is a marked distinction between the amendment of an affidavit in attachment, when the debt is due at the commencement of the suit, and the amendment of the affidavit, when the debt is not due. In the first place, there is a suit in court of which the court can take cognizance; but in the latter case, unless the affidavit required by statute is first filed, there is no suit whatever, and the court could acquire no jurisdiction by subsequent amendment if it had none in the first instance. (*Ernstein* v. *Rothschild*, 22 Fed. Rep. 61.) That the original affidavit was ineffectual and void was confessed by plaintiffs at the trial by the amendment. (*Railway Co.* v. *McCarty*, 96 U. S. 267.) Consequently the court had no jurisdiction of the case, and could not give vitality to an action which had never been commenced. (1 Waples on Attachment, pp. 76–79; 1 Wade on Attachment, 24, 72, 161–63; *Gowan* v. *Hanson*, 55 Wis. 341; *Straughan* v. *Hallwood*, 30 W. Va. 274; 8 Am. St. Rep. 29; *Livey* v. *Winton*, 30 W. Va. 554; *Pope* v. *Hibernia Ins. Co.*, 24 Ohio St. 485; *Brown* v. *Galena Mining etc. Co.*, 32 Kan. 528; *Goodyear Rubber Co.* v. *Knapp*, 61 Wis. 103; Drake on Attachment, sec. 87, note and authorities cited;

*Landis* v. *Morrissey,* 69 Cal. 83; *Richards* v. *Brice,* 13 N. Y. 728; *Hunneman* v. *Grafton,* 10 Met. 454; *Morrison* v. *Clark,* 7 Cush. 213; *Wilder* v. *Colby,* 134 Mass. 377; *Manton* v. *Gannon,* 7 Bradw. 201.)

II. · The plaintiffs having introduced the judgment-roll in the case of *Kleinschmidt* v. *Mady Clothing Co.,* in which they appeared as intervenors, were concluded by the judgment in that case. It seems to be apparent that when the plaintiffs in this case intervened in the other case, and permitted judgment to be rendered against them, and took no steps to appeal or test the validity of that judgment in any manner whatever, that they were effectually estopped from again litigating the same questions in this action. (*Rudolf* v. *McDonald,* 6 Neb. 163; 2 Black on Judgments, §§ 576, 784; *Gray* v. *Pingry,* 17 Vt. 419; 44 Am. Dec. 345–47; *Wood* v. *Jackson,* 8 Wend. 9; 22 Am. Dec. 603; *Isaacs* v. *Clark,* 12 Vt. 692; 36 Am. Dec. 372; *Gumbel* v. *Pitkin,* 113 U. S. 545; *Richardson* v. *Watson,* 23 Mo. 34; *Richardson* v. *Jones,* 16 Mo. 177; *Shelton* v. *Brown,* 22 La. Ann. 162; *Markham* v. *O'Conner,* 23 La. Ann. 688.)

III. The court erred in overruling defendant's objection to the testimony of the witness Gaines, in relation to his conversation with Kleinschmidt, for the reason that Kleinschmidt not being a party to this suit, his declarations would be inadmissible against any one except himself.

IV. The verdict did not comply with the statute, and would not support the judgment entered thereon. (Comp. Stats., §§ 276, 302, pp. 129, 138.)

*H. G. McIntire, McConnell, Clayberg & Gunn,* and *F. N. & S. H. McIntire,* for Respondents.

I. The amendment of the affidavit on attachment was asked and made to dispose of captious objections made on the trial. The original affidavit was amply sufficient. An inspection of it will disclose that the language of the statute, Compiled Statutes, page 104, section 183, is used. This is all that is necessary. The ground for attachment may be stated in the language of the statute without specifying more particularly the facts intended to be alleged. (*Tallon* v. *Ellison,* 3 Neb. 63; Drake on Attachments, 6th ed., §§ 103–103 b; *Wheeler* v.

*Farmer*, 38 Cal. 215; *Weaver* v. *Hayward*, 41 Cal. 117; *Coston* v. *Paige*, 9 Ohio St. 397.) But even if it were not so, wherever authorized by statute, an affidavit in attachment may be amended. Section 114 of the Montana Compiled Statutes is broad enough to permit such an amendment. (*Pierse* v. *Miles*, 5 Mont. 549; *Langstaff* v. *Miles*, 5 Mont. 554; *Magee* v. *Fogerty*, 6 Mont. 239.) In any event, however, insufficiencies in the affidavit are of no further moment. They are waived by not being objected to on motion to dissolve. (Comp. Stats., p. 109, sec. 200; *Wallace* v. *Lewis*, 9 Mont. 399; *Vaughn* v. *Dawes*, 7 Mont. 362; 7 Lawson's Rights and Remedies, §§ 3536, 3537.) Instead of moving to dissolve, appellant confessed the sufficiency of the affidavit by its plea to the same.

II. Respondents are in no wise concluded by the judgment in *Kleinschmidt* v. *Mady Clothing Company*. The merest inspection of the judgment-roll in that case will so show. Respondents intervened and could intervene in that case for one purpose only, to defer plaintiff's claim to theirs. (*Davis* v. *Eppinger*, 18 Cal. 379; 79 Am. Dec. 184; *Speyer* v. *Ihmels*, 21 Cal. 281; 81 Am. Dec. 157.)

III. It was not error to admit in evidence the conversation between Kleinschmidt and the witness Gaines. At the time of this conversation Kleinschmidt was a trustee of the corporation, and was making a statement of the concern to the representative of R. G. Dun & Co., a mercantile agency, for the purpose of giving it standing and credit in the commercial world. It is idle then to say that his statements are not admissible.

IV. The verdict is sufficient. It would be difficult to imagine what other form could have been used in this case. The statutes cited in appellant's brief are not applicable. (*Hutchinson* v. *Superior Court*, 61 Cal. 119.) But if the verdict were irregular, objection should have been made to it in the trial court. No such objection was made; it cannot now be raised. (*Douglass* v. *Kraft*, 9 Cal. 562; *Campbell* v. *Jones*, 41 Cal. 515.)

V. The goods were bought by the defendant with the design of not paying for them. The debt then became and

was equitably due on their delivery, and the suit was not prematurely brought.    The case is within the doctrine of *Patrick* v. *Montader*, 13 Cal. 434.

DE WITT, J.    Upon the trial of the case the defendant objected to the evidence in reference to the alleged fraudulent disposition of the property, upon the ground that the affidavit setting it forth was defective.    The affidavit set forth the fraudulent intent in the language of the statute.    The defendant's objection was that the affidavit states no facts within the statutory requirements.    Thereupon the plaintiffs asked leave to amend their affidavit, which leave was granted by the court, and they then and there incorporated into the affidavit five paragraphs of the complaint, including paragraphs 3, 4, and 5, mentioned in the statement above, which paragraphs were a full setting forth of the acts which plaintiffs claimed showed the fraudulent intent of the defendant to dispose of its property.    It is not contended by appellant that the affidavit as amended was insufficient, but it is now urged in this court that the original affidavit was jurisdictional, and that it was so defective that it was no affidavit, and the court never had jurisdiction of the case.    Respondents contend that, even if the original affidavit were not sufficient, it was not error to allow the amendment.    This case is not like those cases wherein there was no affidavit at all.    There was an affidavit here, which set out the facts in the language of the statute.    The complaint is that they were not sufficiently stated.    Passing the question of whether the affidavit was originally sufficient, we feel satisfied that the tendency of the decisions of this court is that such an affidavit may be amended.    (*Pierse* v. *Miles*, 5 Mont. 549; *Langstaff* v. *Miles*, 5 Mont. 554; *Magee* v. *Fogerty*, 6 Mont. 237.)    In the last case, Chief Justice Wade, in the opinion, said: " The procuring of an attachment, and the steps necessary therefor, is a proceeding within the spirit and meaning of the one hundred and fourteenth section [section 116] of the Code of Civil Procedure; and if such proceeding is defective, the same may be amended, in the furtherance of justice, like any other proceeding under that section."

As to the estoppel suggested by appellant by reason of the.

judgment in the case of *Kleinschmidt & Brother* **v.** *Mady Clothing Company*, I concur in the result reached in the other opinion filed in this case.

Another error claimed is as follows: A witness, Gaines, was upon the stand. He says that in 1890 he was the agent of the commercial reporting association of R. G. Dun & Co. He was asked this question: "Tell us what your conversation was with Mr. Kleinschmidt, in May, 1890, in reference to the Mady Clothing Company?" The defendant objected, on the ground that Kleinschmidt was not a party to the action, and the declarations made by him are not material to bind any one connected with the parties, or the parties themselves. The objection was overruled, and the witness testified that Kleinschmidt had told him, about May 3, 1890, that the capital stock of defendant was $15,000; that he held $10,000, and Mady $5,000; and that the company had started with a clean balance sheet. The company was incorporated May 1, 1890. It appears that Kleinschmidt was a trustee of defendant, and a stockholder to the extent of two-thirds of the stock. A contention of the action was that defendant was disposing of its goods with the intent to defraud its creditors, and disposing of them to this same Albert Kleinschmidt and another. It was being contended that about the commencement of the action there was a large alleged indebtedness from the defendant to said Albert Kleinschmidt and another. The plaintiffs were claiming that this large indebtedness was a fraudulent one, and the defendant was disposing of its goods, or allowing its goods to be taken by said Kleinschmidts, on account of said alleged fraudulent indebtedness. Now, under this condition of affairs, a large fraudulent indebtedness being claimed to exist in October, we are of opinion that it was not error to allow the witness to testify that Albert Kleinschmidt had told him on May 3d that the Mady Clothing Company had started with a clean balance sheet on May 1st, when the plaintiffs were claiming and undertaking to prove that the company had a decidedly unclean balance sheet the October following.

There is one more matter presented by appellant. The verdict of the jury was as follows: "We, the jury in the above-entitled case, do hereby find in favor of plaintiffs." The ap-

pellant objects that this verdict does not comply with the statute (Code Civ. Proc., § 276), in that it does not state the amount awarded plaintiffs. But our statute provides, in section 271, of the Code of Civil Procedure, that " if the verdict be informal or insufficient in not covering the whole issue or issues submitted, or in any particular, the verdict may be corrected by the jury, under the advice of the court, or the jury may be again sent out." Under this provision the verdict could have been made more formal if it were necessary; but appellant, at the time of its rendition, made no application to that effect, nor did he make any objection to the verdict on motion for new trial. (*Douglass* v. *Kraft,* 9 Cal. 562.) But we are of opinion that, as a matter of fact, the verdict is not objectionable. There was no issue in the pleadings as to the amount due plaintiffs. The complaint sets up the claim for $1,283.50, and the answer does not deny the indebtedness, nor the amount thereof. The only denial was to the effect that the amount was not yet due; that is, that the allegations of fraud by which it was sought to show that the debt should be considered as due were not true. Therefore, as far as the amount was concerned, it was admitted by the pleadings. (*Hutchinson* v. *Superior Court,* 61 Cal. 119.) Therefore, when the jury found their verdict simply to the effect that it was for plaintiffs, they found, in effect, for the plaintiffs on the issue in controversy; that is, the issue of fraud, which made the debt then due. We are of opinion that this is just such a form of general verdict as was suitable to the issues. Judgment was thereupon entered for the amount admitted to be due, namely, $1,283.50.

The points above discussed are those presented in the briefs and arguments. None of them, we are of opinion, should be sustained. The judgment is therefore affirmed.

*Affirmed.*

PEMBERTON, C. J., and HARWOOD J. (*concurring*). The principal assignment of error is pointed to the ruling of the trial court in permitting respondents to amend their affidavit for attachment. We conclude from a review of all the authorities cited by both appellant and respondents, and such

others as we have been able to examine, that the ruling of the trial court permitting plaintiffs to amend the affidavit for attachment should be sustained. (*Tilton* v. *Cofield*, 93 U. S. 163, and cases cited; *Erstein* v. *Rothschild*, 22 Fed. Rep. 61.) These cases contain a very able and conservative treatment of this question. (See also, *Coston* v. *Paige*, 9 Ohio St. 397; *Wheeler* v. *Farmer*, 38 Cal. 203.) In our opinion, the statute of this state authorizing amendment of pleadings or proceedings in civil actions (Code Civ. Proc., §§ 112–19) contemplates such affidavit as one of the proceedings in working out the remedial rights of a party, and that an amendment of the nature offered in this case should be permitted, especially where the court has acquired jurisdiction of defendant by personal service, and he is present, defending, as in the case at bar. The amendment in this instance was in relation to pleadable and controvertible facts (Code Civ. Proc., § 183) on which was predicated the right to an attachment process prior to the maturity of the debt sued on. Of course, in permitting an amendment of the affidavit by incorporating therein averment of facts for the first time, by which the other party might be taken by surprise, the court should grant such party proper time to controvert, and prepare to defend against such allegations. But in the case at bar defendant could not have been surprised or prejudiced by the amendment of the affidavit, inasmuch as the facts inserted therein by amendment had already been alleged in the complaint.

The assignment of error on the admission of the testimony of Gaines, to the effect that on or about May preceding the transaction in question, which was alleged to have taken place in October, Kleinschmidt stated to witness that defendant the Mady Clothing Company had commenced business "with a clean balance sheet," cannot be sustained. Kleinschmidt is alleged in the complaint to have been a party to the alleged fraudulent scheme set forth, whereby the company was disposing of its effects for the purpose of hindering, delaying, and defrauding its creditors; and prior to the admission of said testimony, it was shown that, when the alleged conversation occurred, Kleinschmidt was an officer and stockholder in defendant the Mady Clothing Company. The objection was that the state-

ment made in that regard, and under the circumstances shown by Kleinschmidt, could not bind the defendant corporation. This is no doubt true; nor was the said testimony introduced for any such purpose. The testimony in question was evidently introduced to show the conditions as to indebtedness existing between said company and Kleinschmidt, in May, according to the statement of Kleinschmidt, who afterwards asserted a large indebtedness against said company, which plaintiffs had alleged was a fraudulent and fictitious claim, asserted through collusion of said company with Kleinschmidt; which claim was made the basis of seizure of the company's goods. We think said testimony objected to was admissible.

The point raised by appellant to the effect that plaintiffs were barred by a former adjudication from showing the fraud set up in this action to justify the issuance of attachment process prior to the maturity of the debt sued on is untenable, because no such bar (if the facts supporting it existed) was pleaded by defendant. The answer "put in issue the matter alleged in the affidavit" (Code Civ. Proc., § 183) to support such attachment, but in no manner pleaded any other adjudication or judgment in bar. (Code Civ. Proc., § 103; Bliss on Code Pleading, § 303; 1 Estee on Code Pleading and Practice, § 328; 2 Estee on Code Pleading and Practice, §§ 3267–70, and cases cited; Boone on Code Pleading, § 161.)