## MUTH, RESPONDENT, v. ERWIN, APPELLANT.

[Submitted September 11, 1893.   Decided March 19, 1894.]

ATTACHMENT—*Amendment to affidavit.*—It is not error for the trial court to permit an attachment plaintiff to amend his complaint and affidavit on attachment, without an affidavit showing ground therefor, and pending a motion to dissolve, where the amendment does not affect the substantial rights of the parties.

*Appeal from Sixth Judicial District, Park County.*

ACTION on promissory note. Defendant's motion to dissolve attachment denied by HENRY, J. Affirmed.

*Campbell & Stark,* for Appellant.

*Savage & Day,* for Respondent.

HARWOOD, J.—Respondent, as receiver of the firm of Greenhood, Bohn & Co., brought this action against defendant to enforce payment of a promissory note, and sued out an attachment writ in the action, by virtue of which it appears certain property was seized. Thereafter, motion was made by the defendant to quash the attachment on the ground that it did not appear by averment in the complaint or affidavit for

attachment, that the receiver was duly authorized by the court appointing him, to bring this action for the enforcement of said debt.   Thereupon, plaintiff, by permission of court, amended the complaint and affidavit by inserting therein such averment, and thereafter the court overruled the motion to dissolve the attachment.   Defendant excepted to the action of the court in allowing such amendment pending the ruling on the motion to dissolve the attachment, and overruling such motion, because the amendment had supplied the defect to which the motion was pointed.   Such exception raises the only question presented on this appeal.

The ruling of the trial court, excepted to, undoubtedly conforms to the intendment of the provisions of the Code of Civil Procedure, as heretofore held by this court.   (*Josephi* v. *Mady Clothing Co.*, 13 Mont. 195.)   The defect amended was not one which affected the merits of the demand or defense thereto, and would scarcely need an affidavit to lay a foundation for such amendment.   Moreover, an omission to require an affidavit to show ground for an amendment not affecting the substantial rights of the parties would not justify the reversal of the judgment.   (Code Civ. Proc., § 119.)   The order of the trial court overruling defendant's motion to dissolve the attachment and the judgment will therefore be affirmed.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.