UNION BANK & TRUST CO., Respondent, *v*. HIMMEL-
BAUER et al., Appellants.

(No. 4,269.)

(Submitted April 28, 1919.   Decided May 17, 1919.)

. [181 Pac. 332.]

*Chattel Mortgages—Bills and Notes—Contracts—Construction
—Foreclosure—Payment—Demand—Notice of Sale—Attach-
ment—Affidavit—Sufficiency of_ Title—Amendments—Plead-
ings.*

Attachment—Motion to Discharge—Complaint—Amendment.
1. Permission to amend the complaint pending determination of a
motion to discharge the attachment procured in the action was proper.
Chattel Mortgages—Bills and Notes—Construction of Contract.
2. Under section 5031, Revised Codes, a mortgage, and the stipulations
embodied therein, must be construed as entering into and becoming a
part of the note secured by it, and the two must be considered together
for all purposes.
Same—Construction of Contract.
3. *Held* that, where a chattel mortgage provided that the mortgagee
might, upon taking possession of the property, whenever it considered
such possession essential to the security of the note given by the mort-
gagor, "at its option regard the debt due and payable," the parties
intended that the debt—represented by the note—should become due
for all purposes at any date prior to the time fixed as the due date,
at the option of the mortgagee, and not simply for the purpose of
foreclosure.
Contracts—Terms and Conditions—Construction.
4. Competent parties have the right to fix the terms and conditions
of their contracts so long as they do not violate a public policy or
some express provision of law, and, when they use language free from
ambiguity or uncertainty, courts cannot enlarge or restrict its appli-
cation or meaning.
Chattel Mortgages—Foreclosure—Payment—Demand—Sale—Notice.
5. Where the parties to a chattel mortgage stipulated that the mort-
gagee might take possession of and sell the property under a power
of sale whenever foreclosure became necessary, as they could properly
do under section 12, Chapter 86, Laws of 1913, the complaint in an
action to recover a balance due after sale, alleging that the property
was so sold was sufficient in the absence of a demurrer, an allegation
that demand for payment had been made and notice of sale given
not having been necessary.
Attachment—Discharge—Defective Complaint.
6. A motion to discharge an attachment cannot be made to serve
the purpose of a demurrer to the complaint.
Same—Discharge—Defective Complaint—Nature of Inquiry.
7. The inquiry on a motion to discharge an attachment on the
ground of defects in the complaint can go no further than to ascer-

tain whether the action is upon a contract, express or implied, for the direct payment of money; whether it states facts sufficient to constitute a cause of action against the defendants; and, if not, whether it can be amended so as to state one.

Same—Discharge—What not Sufficient.

8. A defective statement of a cause of action is not alone a sufficient ground for the discharge of an attachment.

Same—Affidavit—Defective Title—Effect.

9. An attachment affidavit bearing the title of the action and filed as part of the record with the complaint was sufficiently identified, and was not therefore rendered fatally defective by omission of plaintiff to designate the court in which the action was commenced.

Same—Affidavit—Contents—Sufficiency.

10. In an action to recover a balance due on a note secured by a chattel mortgage after sale of the property under a power of sale contained in the mortgage, an attachment affidavit reciting that the original indebtedness had been secured by a chattel mortgage, the property sold and the proceeds applied to the payment of the note, that the amount stated in it was the amount due, and "that the payment of said balance has not been secured by any mortgage or lien upon real or personal property," *etc.*, was not open to the objection that it failed to allege that the note was not secured by some other mortgage or pledge.

*Appeal from District Court, Lewis and Clark County; R. Lee Word, Judge.*

Action by the Union Bank & Trust Company against Anton Himmelbauer and wife. From an order of the district court refusing to discharge an attachment, defendants appeal. Affirmed.

*Messrs. Galen, Mettler & Toomey,* for Appellants, submitted an original and supplemental brief; *Mr. Frank W. Mettler* argued the cause orally.

The amended complaint fails to state a cause of action. It is our contention that the clause permitting the mortgagee to regard the debt secured by the mortgage due and payable is for the purpose of enabling the mortgagee to take the property, sell it, and apply the proceeds to the payment of the debt, and for no other purpose. The note itself is a promise to pay at a certain fixed time, and the chattel mortgage is merely an ancillary agreement by which certain personal property is pledged for the payment of the debt. The clause "for that purpose" limits the power of the mortgagee to "regard the debt secured by this mortgage due and payable." The mortgagee may do

so only for the purpose of recovering possession of the property, selling it and applying the proceeds of the sale to the satisfaction of the debt. Section 6658, Revised Codes, provides for commencing actions and issuing writs of attachment upon debts for the payment of money before the same shall have become due, but in the present action there is no attempt to set forth the additional facts required by that section. The failure of plaintiff's pleadings in an attachment suit to show a cause of action is sufficient ground for a motion to dissolve the attachment, notwithstanding the fact that the affidavit is sufficient to warrant the issuance of the writ. (6 C. J. 423, note 11; *Kyle* v. *Chester,* 42 Mont. 522, 37 L. R. A. (n. s.) 230, 113 Pac. 749.) The complaint must, of course, state a cause of action. (6 C. J. 480, note 31; *Porter* v. *Plymouth Gold Min. Co.,* 29 Mont. 347, 101 Am. St. Rep. 569, 74 Pac. 938; *Duluth Brewing & M. Co.* v. *Allen,* 51 Mont. 89, 149 Pac. 494.)

The affidavit for attachment is defective. There is nothing in the affidavit to show in what court the action is pending. The statute, section 6657, provides that the clerk must issue the writ of attachment "upon receiving an affidavit by or on behalf of the plaintiff." The title to the action alone is not sufficient to identify either the plaintiff or the defendant, but the title of the court in which the action is pending is equally important for that purpose. The right to a writ of attachment is purely statutory and the party seeking same is required to comply with the statute. That statute requires plaintiff to file an affidavit setting forth the relations between the plaintiff and the defendant, which entitles it to such attachment. Neither the plaintiff nor the defendant can be properly described or identified without referring to the title of the case in which they are parties, nor without describing or identifying the court in which the action is pending.

*Messrs. Day & Mapes,* for Respondent, submitted a brief; *Mr. E. C. Day* argued the cause orally.

Under the general principles of law, where the right to an attachment is assailed because of defects in the complaint, amend-

ments to the complaint cure the defects.   (2 R. C. L., p. 851, sec. 63; *Hathaway* v. *Davis*, 33 Cal. 161; *Hale Bros.* v. *Milliken*, 142 Cal. 134, 138, 75 Pac. 653.)

The amended complaint alleged that a chattel mortgage was given to secure the note sued on, which chattel mortgage contained a provision (set out *in haec verba*) authorizing the mortgagee whenever it considered the possession of the property essential to the security of the payment of the note, to take possession of the property and to regard the debt secured due and payable and to sell the property and apply it to the satisfaction of the debt.   The form of the provision is the usual one contained in chattel mortgages.   It then avers that the mortgagee on March 7, 1918, considered the possession of the property essential to the security of the payment of the note, took possession of the property and declared the entire debt due; that the defendants failed to make payment, and that acting under the power of sale the mortgagee sold the property, credited the proceeds on the note, and now sues for the balance.   The note and the chattel mortgage as between the parties thereto constitute but one instrument (Rev. Codes, sec. 2207), and no authorities are cited by counsel in support of his contention that the effect of the provision was limited to the sale of the chattels. The language of the provision is that the mortgagee may regard the "debt secured by this mortgage due and payable."   Certainly these words apply to the entire debt.   If it is to be regarded as "due and payable," then an action can be maintained for the entire debt, or for the balance due after crediting the proceeds of the sale.   There are authorities, notably Minnesota and Missouri, which hold that the provision in the mortgage only applies to the right to enforce the remedy against the security.   But the weight of authority would seem to be the other way.   (8 C. J. 199, sec. 330.)   Generally, these cases turn on the language of the provision of the mortgage, such as *Haggard* v. *Sanglin*, 69 Wash. 151, 124 Pac. 373, *Hall* v. *Jameson*, 151 Cal. 606, 121 Am. St. Rep. 137, 12 L. R. A. (n. s.) 1190, 91 Pac. 518.   But here the language is specific.   The option is to

declare the entire debt due and payable. The money was loaned on the security of the mortgage. No reason can be urged for refusing to carry out the agreement when the action is between the original parties to it.

Counsel contend that the affidavit of attachment is defective because of the blank in the title of the court. The affidavit was filed at the same time as the complaint and in the same action and court. It gives the names of the parties identifying them as plaintiff and defendants. There was no doubt in anyone's mind about the court, and the error, if any, was a clerical misprision, which was intended to be covered by the provisions of section 7185 of the Revised Codes.

This defect was not called to the attention of the court below, and if it had been, it would have been within the province of the court to allow its correction by insertion. (*Josephi* v. *Madi Clothing Co.*, 13 Mont. 195, 33 Pac. 1; *Muth* v. *Erwin*, 14 Mont. 227, 36 Pac. 43.) The error can now be corrected in this court, or disregarded, as it does not affect the merits of the controversy.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This is an appeal from an order of the district court of Lewis and Clark county refusing to discharge an attachment.

On December 17, 1917, Anton Himmelbauer and Mabel Himmelbauer, his wife, executed and delivered to the Union Bank & Trust Company, hereafter referred to as the bank, their promissory note for the sum of $9,600, due at the end of six months, with interest at the rate of 8 per cent per annum. To secure the payment of the note, they at the same time executed and delivered to the bank a mortgage upon certain personal property. The mortgage provided that it should also be security for any and all advancements thereafter made to Himmelbauer and wife by the bank. At different dates from January 14 to February 6, 1918, inclusive, the bank advanced various sums which, in the aggregate, amounted to $760. On April 1 the bank commenced an action to enforce the payment of a balance, alleged to

be due on the note, of $4,549.22, together with interest, attorney's fee and costs.    After reciting the execution and delivery of the note and mortgage to secure its payment, the complaint alleged that the "defendants failed, neglected and refused to pay said promissory note in accordance with the terms thereof, and that the plaintiff, acting under the power of sale contained in said chattel mortgage, did, on the fourteenth day of March, 1918, sell all the personal property covered by said chattel mortgage" in the manner provided therein; and, thereafter, on March 30, filed a report of the sale in the office of the county clerk and recorder.    It was further alleged that certain payments had been made upon the principal sum named, at different times from December 20, 1917, to March 1, 1918, inclusive, amounting in the aggregate to $1,610.42, which had been credited thereon, together with the proceeds of the sale of the property, leaving a balance of the amount due on the note above stated unpaid, for which judgment was demanded, with interest from March 14. The note contained no reference to the mortgage, nor any stipulation by which its payment could for any cause be accelerated, nor did the complaint contain any allegation in this behalf.

At the commencement of the action the bank procured an attachment upon filing the following affidavit by its vice-president:

"In the District Court of the —— Judicial District of the State of Montana, in and for the County of ——.

"Union Bank and Trust Company, a Corporation, Plaintiff,

*versus*

Anton Himmelbauer and Mabel Himmelbauer, Defendants.

"Affidavit for Attachment.

"State of Montana,
   County of Lewis and Clark,—ss.

"Frank Bogart, of lawful age, being duly sworn, says that he is an officer, to-wit, the vice-president of the above-named plaintiff, the plaintiff in the above-entitled action, commenced in the above-named court; that the defendants in said action are in-

debted to this plaintiff, above all legal counterclaims, in the sum of four thousand five hundred forty-nine 22/100 dollars, with 8 per cent per annum interest thereon from the 14th day of March, A. D. 1918, upon an express contract for the direct payment of money now due, and that the payment of the original indebtedness was secured by a chattel mortgage upon certain personal property, all of which said property has been sold by plaintiff under said chattel mortgage, and the proceeds of said sale applied upon said indebtedness, and that the above amount is the balance due, and that the payment of said balance the same has not been secured by any mortgage or lien upon real or personal property or any pledge of personal property, or, if originally so secured, that such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless. Affiant further says that said attachment is not sought, and the action is not prosecuted, to hinder, delay, or defraud any creditor of said defendants. Wherefore affiant asks that a writ of attachment against said defendants may be issued in said action, as allowed by law in such cases.

"[Signed]   FRANK BOGART."

On May 11 the defendant Mabel Himmelbauer moved the court for an order discharging the attachment on the grounds (1) that the complaint did not state a cause of action, and (2) that the affidavit was insufficient to justify the issuance of the writ. Pending a hearing, the bank asked and was granted leave to amend the complaint by adding the following:

"(5) That the said chattel mortgage also provided as follows: 'If the said mortgagee shall at any time consider the possession of said property, or any part thereof, essential to the security of the payment of said promissory note(s), then and in such event, or in either of such events, the said mortgagee, its agent or attorney, successors or assigns, or such sheriff, shall have the right to the immediate possession of said described property, and the whole or any part thereof, and shall have the right, at its option, to take and recover such possession from any person or persons having or claiming the same, with or without suit or process, and

for that purpose may enter upon any premises where the said property, or any part thereof, may be found, and may at its option regard the debt secured by the mortgage due and payable, and may thereon proceed and sell such property as above provided, and apply the proceeds of sale to the satisfaction of said debt as above provided.'

"(6) That on or about the seventh day of March, 1918, the plaintiff, considering the possession of the property described in the said chattel mortgage essential to the security of the payment of the said promissory note, and by virtue of the provisions of the said chattel mortgage, took immediate possession of the property described in the chattel mortgage and the whole thereof, and declared the entire debt secured by the said mortgage due and payable."

The amended pleading was filed on May 22, whereupon the court overruled the motion.

It was entirely proper for the court to permit the complaint [1] to be amended pending the determination of the motion. (*Muth* v. *Erwin,* 14 Mont. 227, 36 Pac. 43; Rev. Codes, sec. 6589.) Counsel do not contend to the contrary. They do insist, however, that the complaint as amended does not state a cause of action because it shows that the unpaid balance of the note for which judgment is demanded was not due at the time the action was commenced, and because it does not allege the facts necessary to bring the action within section 6658 of the Revised Codes. We forbear consideration of the provisions of this section, for the reason that they relate only to actions for the recovery of debts not due when the defendant is leaving, or is about to leave, the state, taking his property with him, or is disposing, or about to dispose, of it for the purpose of defrauding his creditors. The plaintiff brought this action on the theory [2] that under the terms of the mortgage it was authorized to take possession of the property described in the mortgage whenever it considered such possession essential to the security of the note, and, at its option, to declare the note due, and that it had exercised the option, with the result that it was at liberty to

enforce collection of the balance remaining unpaid after it had sold the property and given defendants credit for the proceeds. If this theory is correct, the unpaid balance of the note was an indebtedness due upon an express contract for the payment of money, to recover which plaintiff was entitled to bring this action, and hence was entitled to the attachment under section 6656 of the Revised Codes, upon making and filing with the clerk the affidavit required by section 6657. Whether the action can be maintained, therefore, depends upon the answer to the inquiry, Was the plaintiff authorized by the terms of the mortgage to declare the note due upon taking possession of the property? Counsel concede that the plaintiff was authorized to take possession of the property whenever it considered this step essential to the security of the payment of the note, and at its option to declare the note due for the purpose of foreclosure, but contend that it was not authorized to declare it due for any other purpose.

Section 5031 of the Revised Codes declares: "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." Under the rule of construction here declared, the stipulation embodied in the mortgage must be construed as entering into and becoming a part of the note; for, if the two are to be taken together, they must be considered together for all purposes. The provision of the mortgage is that, upon taking [3] possession of the property, the mortgagee "may, at its option, regard the debt due and payable." The term "regard" is here used as the equivalent of "consider." The expression "due and payable" is broad and comprehensive. It is not limited by any other term or expression in the same context. The note represents the debt. Therefore, in giving plaintiff the option to regard the debt "due and payable," the mortgagors clearly had reference to the note, and intended that it should become due for all purposes at any date prior to the time fixed as the due date, whenever the plaintiff concluded to take [4] possession and exercise its option. Parties who are com-

petent have the right to fix the terms and conditions of their contracts, so long as in doing so they do not violate public policy or some express provision of law; and, when the language employed by them is free from ambiguity or uncertainty, it is beyond the power of the court to enlarge or restrict its application or meaning. To sustain the contention of counsel it would be necessary for this court to modify the language used by the parties by reading into it the restrictive expression, "for the purpose of foreclosure only," or other language of equivalent import, and thus make a contract for the parties. The decided cases are in conflict upon the question presented. They will be found collected in the notes in volume 8 of Corpus Juris, at page 199. We shall not undertake to discuss and distinguish them. Further discussion of the subject is foreclosed in this jurisdiction by the case of *Cornish* v. *Woolverton*, 32 Mont. 456, 108 Am. St. Rep. 598, 81 Pac. 4. True, the note considered in that case contained specific reference to the mortgage, whereas here the note does not refer to the mortgage. As between the original parties to the contract, as is the case here, this is not important, for no question can possibly arise affecting the rights of third parties.

In a supplemental brief counsel make the contention that the [5] complaint is defective because it does not allege that plaintiff made demand for the payment of the note after it took possession of the mortgaged property and declared the debt due and payable, and because it does not allege that plaintiff gave the defendants notice of the time and place of sale. This contention proceeds upon the assumption that, inasmuch as a pledge is "a deposit of personal property by way of security for the performance of another's act" (Rev. Codes, sec. 5774), and "every contract by which the possession of personal property is transferred, as security only, is to be deemed a pledge" (sec. 5775), when the plaintiff took possession of the property under the terms of the mortgage its relation to the defendants as mortgagee was *ipso facto* changed to that of pledgee; hence they insist that the complaint does not state a cause of action because

it fails to allege a demand upon defendants for the payment of the note as required by section 5789, and that notice of the sale had been given as required by section 5790. . Counsel cite no authority to sustain their argument in this behalf, nor do we know of any. It is alleged that the mortgagee, "acting under the power of sale contained in said chattel mortgage, did sell all the property covered by said chattel mortgage" in the manner provided therein. The parties had the right to stipulate in the mortgage how the sale should be made if foreclosure became necessary (sec. 12, Chap. 86, Laws of 1913, p. 381), and, in the absence of a demurrer, the allegation of the complaint in this behalf is sufficient.

Throughout their argument counsel have proceeded upon the [6–8] theory that the court below should have discharged the attachment if the complaint is defective in any respect. A motion to discharge an attachment may not be made to serve the purpose of a demurrer. The inquiry as to the sufficiency of the complaint may not go further than to ascertain whether the action is upon a contract, express or implied, for the direct payment of money; whether it states facts sufficient to constitute a cause of action against the defendants; and, if it does not, whether it can be amended so as to state a cause of action. (*Kohler* v. *Agassiz,* 99 Cal. 9, 33 Pac. 741; *Hale Bros.* v. *Milliken,* 142 Cal. 134, 75 Pac. 653.) A mere defective statement of a cause of action is not a sufficient ground for the discharge of an attachment. (*Cope* v. *Upper Missouri M. & P. Co.,* 1 Mont. 53.)

In support of their contention, counsel cite, among other cases, *Porter* v. *Plymouth Gold Mining Co.,* 29 Mont. 347, 101 Am. St. Rep. 569, 74 Pac. 938, and *Kyle* v. *Chester,* 42 Mont. 522, 37 L. R. A. (n. s.) 230, 133 Pac. 749. In the opinion in each of these cases is found a general statement that, in order to maintain an attachment, the complaint must state a cause of action. This general statement, however, must be understood as having application to the case then under consideration. In the first case the appeal was from a judgment entered on demurrer. The

court held that the action had been prematurely brought, and hence that the demurrer was properly sustained. The remark at the end of the opinion upon which counsel rely had reference to a complaint which was so defective that it could not be amended. In the second case the appeal was from an order discharging an attachment. It was held that the order had been properly made because the "complaint did not state a cause of action on a contract either express or implied." Neither of these nor any of the other cases cited by counsel sustain their position.

Counsel insist that the affidavit is fatally defective because it [9] omits to designate the court in which the action was commenced. This contention is without merit. Section 7185 of the Revised Codes declares: "An affidavit, notice or other paper, without the title of the action or proceeding in which it is made or with a defective title, is as valid and effectual for any purpose as if duly entitled, if it intelligibly refer to such action or proceeding." There is no provision of statute requiring the papers enumerated in this section to be entitled in any court The particular affidavit or other paper is sufficient, though not entitled at all, if it makes intelligent reference to the action. The affidavit here bears the title of the action and was also filed as a part of the record at the time the complaint was filed. In this respect it was sufficiently identified. It does not appear that the plaintiff asked leave to amend it in the district court. If it had done so, the amendment would have been allowed as a matter of course. (*Josephi* v. *Madi Co.*, 13 Mont. 195, 33 Pac. 1; *Muth* v. *Erwin, supra.*)

Counsel assail the sufficiency of the affidavit on the ground that it does not allege that the note was not secured by some [10] other mortgage or pledge. The affidavit is not drawn in the most approved form, but we think it sufficient to meet the requirements of the statute. Counsel is in error in assuming that it omits the allegation referred to. After reciting that the original indebtedness had been secured by a chattel mortgage, that the property had been sold, that the proceeds had been

applied to the payment of the note, and that the balance set forth is the amount due, it proceeds: "That the payment of said balance (the same) has not been secured by any mortgage or lien upon real or personal property or any pledge of personal property," etc. The case of *Continental Oil Co.* v. *Jameson*, 53 Mont. 466, 164 Pac. 727, cited by counsel is not in point. The defect in the affidavit there was both in form and substance. The defect in its form was that the notary failed to sign the jurat. The allegation in the body of it was that "the same [the debt] is now due, and that the payment of the same is not secured by any mortgage, lien, or pledge upon real or personal property." Clearly this did not meet the requirements of the statute prescribing what statements the affidavit shall contain.

The order is affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE COOPER concur.

(Submitted April 28, 1919. Decided May 17, 1919.)