BICE, Respondent, *v.* DAFFERN, Appellant.

(No. 6,678.)

(Submitted November 13, 1930. Decided December 4, 1930.)

[293 Pac. 433.]

*Mr. F. A. Ewald,* for Appellant, submitted a brief and argued the cause orally.

[redacted]

*Messrs. Hurd, Hall & McCabe,* for Respondent, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff commenced this action on June 27, 1928, to foreclose two chattel mortgages. The complaint consists of two causes of action. The first seeks recovery on a promissory note in the sum of $763.50, made by defendant and payable to plaintiff on October 1, 1927, and for foreclosure of a chattel mortgage given to secure its payment. The second is based upon a promissory note in the sum of $1,287.15, made by defendant to Farmers' & Miners' State Bank of Belt, and by it assigned to plaintiff. This note was due June 30, 1928, three days after the commencement of the action. It was also secured by a chattel mortgage, the foreclosure of which was asked.

After issue was joined by answer and reply, plaintiff asked, and over objection of defendant was granted, leave to file a supplemental complaint, which in substance sets forth that the note referred to in the second cause of action had become due since the filing of the complaint, that plaintiff is still the owner and holder thereof, and that it is unpaid. Defendant thereupon filed a demurrer to the supplemental complaint and a motion to strike it from the files, both of which were overruled. His demand for a jury trial was denied, and the cause was tried to the court, resulting in a judgment for the plaintiff foreclosing both chattel mortgages and directing the entry of a deficiency judgment in case the

proceeds from the sales were insufficient to satisfy plaintiff's demands. Defendant has appealed from the judgment.

The appeal is based upon the judgment-roll alone without any bill of exceptions. The minutes of the court show that defendant objected to the introduction of evidence under the second cause of action, upon the ground that it does not state facts sufficient to constitute a cause of action.

The principal question presented is the propriety of the court's ruling in permitting the supplemental complaint to be filed and in entering judgment on the second cause of action, which it is contended had not accrued when the action was commenced. No complaint is made of the judgment in so far as it adjudicated the rights of the parties under the first cause of action.

The mortgage securing the note sued upon in the second cause of action contains these clauses: "If default be made in the payments of the principal or interest, as provided in said promissory notes, * * * or if the said mortgagor or any person or persons shall remove, or attempt to remove, said property or any part thereof from the said county, or shall conceal, make away with, sell or in any manner dispose of said described property, or any part thereof, or shall attempt so to do, or if the said mortgagee shall at any time consider the possession of said property, or any part thereof, essential to the security of the payment of said promissory notes, then and in such an event, or in either of such events, said mortgagee, his agent or attorney, assigns, or such sheriff, shall have the right to the immediate possession of said described property and the whole or any part thereof, and shall have the right at his option to take and recover such possession from any person or persons having or claiming the same, with or without suit or process, and for that purpose may enter upon any premises where said property, or any part thereof may be found, and may at his option, regard the debt secured by this mortgage due and payable, and may thereon proceed and sell such property as above provided, and apply the proceeds of sale to the satisfac-

tion of said debt as above provided. * * * It is further agreed that the powers conferred by this mortgage are in addition to and not in substitution of the right of the mortgagee to foreclose this mortgage by a suit as in the case of a mortgage on real estate.''

The complaint alleges, in substance, that defendant has concealed, or attempted to conceal, all or a portion of the property described in the mortgage, that defendant has sold a portion of the property, and has scattered a portion of it in an effort to make it impossible for plaintiff to obtain possession thereof, and that plaintiff has elected to regard the debt secured by the mortgage to be immediately due and payable.

For the purpose of this appeal we must assume that the evidence established the allegations of the complaint. This being true, the mortgage gave plaintiff the right, if properly exercised, to accelerate the maturity of the note, at least for certain purposes. But defendant contends that the acceleration clause in the mortgage is available to the mortgagee only in the event that he takes possession of the mortgaged chattels under the terms of the mortgage. In other words, defendant contends that, before plaintiff may exercise the option of accelerating the maturity of the note, he must take possession of the property. Defendant relies upon a statement made in the case of *Union Bank & Trust Co.* v. *Himmelbauer,* 56 Mont. 82, 181 Pac. 332, 335, as supporting his contention. In that case the court said: ''Therefore, in giving plaintiff the option to regard the debt 'due and payable,' the mortgagors clearly had reference to the note, and intended that it should become due for all purposes at any date prior to the time fixed as the due date, whenever the plaintiff concluded to take possession and exercise its option.''

In that case the plaintiff had taken possession of the property, and the question here being considered was not there presented. We think the mortgage here involved is not susceptible of the interpretation contended for by defendant. The mortgage confers three rights upon the mortgagee upon

the happening of one of the events enumerated: First, to take possession of the property; second, to regard the debt secured by the mortgage due and payable; and, third, to sell the property. We think the right to regard the debt as due and payable is separate and distinct from, and not dependent upon the exercise of, the right to take possession of the property. If this were not so, and all of the property were concealed, plaintiff could exercise neither right. The language used in the mortgage does not restrict the mortgagee's right to accelerate the maturity of the note, only upon taking possession of the property, but we think it plainly confers that right whenever one of the events specified in the mortgage occurs. The maturity of the note having been accelerated, plaintiff had the right to elect to foreclose by action rather than by exercising the power of sale contained in the mortgage.

As evidence of the intention of the parties that the mortgagee should have the right to foreclose the mortgage by suit, the mortgage expressly. provides that "the powers conferred by this mortgage are in addition to and not in substitution of the right of the mortgagee to foreclose this mortgage by a suit, as in the case of a mortgage of real estate." This is a clear indication of the intention of the parties to give effect to the statutory right of election in the method of foreclosure conferred by section 9470, Revised Codes 1921. In determining whether there has been a breach of the obligation for which the mortgage is given as security within the meaning of section 9470, the note and mortgage must be read together, and the stipulation in the mortgage must be construed as entering into and becoming a part of the note. (*Union Bank & Trust Co.* v. *Himmelbauer,* supra.)

It remains to determine whether the exercise of the right to regard the debt as due and payable matures the note for all purposes or simply for the purpose of foreclosure. Many courts hold that such an acceleration clause in the mortgage matures the debt for the purpose of foreclosing the mortgage only, and not for the purpose of securing a deficiency judgment.

Other courts take the opposite view and hold that it matures the debt for all purposes. The cases taking these divergent views are collected in the case of *Durham* v. *Rasco,* 30 N. M. 16, 34 A. L. R. 838, 227 Pac. 599. To the cases there cited may be added the following: *Rasmussen* v. *Hodges,* 52 S. D. 100, 216 N. W. 862; *Spadaro* v. *Baird,* 97 Fla. 50, 119 South. 788. And see 3 R. C. L., sec. 436, p. 1215, note 20, and the note in 46 L. R. A. (n. s.) 480.

In *Union Bank & Trust Co.* v. *Himmelbauer,* supra, this court said that the intention of the mortgagor under a mortgage very similar to the one here was that the note "should become due for all purposes at any date prior to the time fixed as the due date." In that case, however, the question of obtaining a deficiency judgment was not involved, and whether the case would be held as controlling on that point we need not now determine. Whether we adopt the one view or the other the result is the same in this case. If by invoking the right granted to the mortgagee by the accelerating clause the note is matured for all purposes, then the supplemental complaint adds nothing, and defendant has not been prejudiced by its filing. On the other hand, if we take the view that it matures the note for the purpose of foreclosure only, still we think the court properly allowed the supplemental complaint to be filed.

The rule is, as defendant contends, that, if there is no cause ██ of action at the time the suit is commenced, an amended or supplemental complaint may not be allowed to show that a cause of action had accrued subsequent to the commencement of the action. (*Kelly* v. *Cherry & Ziegler,* 40 Ga. App. 178, 149 S. E. 81; *Pape* v. *Town of Carlton,* 130 Wis. 123, 109 N. W. 968; *Lewis* v. *Fox,* 122 Cal. 244, 54 Pac. 823; *Morse* v. *Steele,* 132 Cal. 456, 64 Pac. 690.) But the rule announced by these and other cases of like import has no application here. Under all of the authorities, plaintiff had the right to regard the note as due and payable for the purpose of foreclosure. His original complaint stated a cause of action for that purpose at least. The filing of the supplemental com-

plaint did not change the cause of action. It simply entitled plaintiff to additional relief—a deficiency judgment in case it should be held that the acceleration clause matured the note for the purpose of foreclosure only. Such an amendment may be made as against the contention that it changes the cause of action. Thus in *Central City Sav. Bank* v. *Snyder*, 186 Iowa, 265, 172 N. W. 447, 448, the plaintiff brought action to recover the past-due principal on one note and the accrued interest on two notes not yet due. After the two last-mentioned notes matured, it filed an amendment to the complaint asking recovery of the principal sum in addition to the interest. This the court held proper, saying: ''The cause of action was originally brought on the notes. The promise in the notes was the basis of the cause of action. A right of action for the total sum covered by the promise in the notes had not matured at the time the action was brought. The full amount covered by the promise in the notes was matured at the time this amendment was filed. The action was still upon the notes. It was the promise in the notes upon which the relief prayed for in the amendment was founded. No new promise was alleged or made. The cause of action was not changed. The amendment involved a right to maintain the action on the cause of action as originally stated, and was simply for more money than was due on the cause of action at the time the action was commenced, and was not for different relief, but for more relief. * * * The amendment did not set out a new cause of action. The amendment was germane to the original cause of action. It simply asks more relief on the original cause of action than could be granted at the time the suit was commenced. Nothing but time was wanting to mature the whole indebtedness. It was matured when this amendment was filed.'' To the same effect is *Warfield* v. *Oliver*, 23 La. Ann. 612.

Since plaintiff was entitled to some relief on the note involved in the second cause of action at the time the original complaint was filed, the court did not err in permitting the

supplemental complaint to be filed which, if it had any effect at all, was simply to entitle plaintiff to additional relief.

Defendant also asserts that it was error to deny his request for a jury trial. The action, being to foreclose chattel mortgages, was one in equity, and it has been held by this court that it may not be transformed into an action at law with the right of a jury trial by presenting issues of law in the answer. (*Rochester* v. *Bennett*, 74 Mont. 293, 240 Pac. 384.) The court did not err in denying the request for a jury trial.

The judgment is affirmed.

Mr. Chief Justice Callaway and Asssociate Justices Matthews, Galen and Ford concur.